## Bardwell Motor Inn, Inc. v. Bunnie Accavallo, Lee Accavallo, and Louis T. Accavallo, collectively and d/b/a Royal Glass Company

[381 A.2d 1061]

No. 191-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed December 6, 1977

*Robinson E. Keyes* of *Ryan, Smith & Carbine, Ltd.*, Rutland, for Plaintiff.

*Henry C. Brislin* of the office of *Joseph M. O'Neill*, Rutland, for Defendants.

**Larrow, J.** This case reaches us upon the pleadings, by interlocutory appeal, permitted by the trial court under V.R.A.P. 5(b). The ruling appealed from is a denial of defendants' motion to dismiss plaintiff's complaint upon the ground that it seeks contribution among joint tortfeasors, contrary to the law of this jurisdiction as set out in *Howard* v. *Spafford*, 132 Vt. 434, 321 A.2d 74 (1974).

The alleged facts are relatively simple. Plaintiff, a hotel operator, contracted with defendants to replace a glass panel in the exterior door to its main entrance. Without prior notice to plaintiff, the defendants removed the glass panel and a metal push bar from the door and left the premises, without advising plaintiff of the dangerous condition resulting from the door being unattended and without posting warning signs. One Caporale, a business patron, suffered a fall and resulting injuries while trying to open the door. Her ensuing claim was settled by the plaintiff for a substantial sum, which plaintiff seeks to recover on a theory of implied indemnity, with reasonable attorney fees and costs. The trial court, in denying the motion to dismiss, held plaintiff's theory a proper one, its negligence "passive" and distinguished from the "active negligence" of the defendants, and its remedy total indemnity rather than partial contribution. We decline to adopt the quoted terminology [Cf. *Zaleskie* v. *Joyce*, 133 Vt. 150, 158, 333 A.2d 110 (1975)], but affirm the result.

The theory upon which plaintiff here seeks to recover is a long recognized exception to the common law rule precluding contribution among or between joint tortfeasors. It finds support in our early cases, and recognizes a right of indemnity even though two parties may each be equally liable to a third, if (a) there is an express agreement or undertaking by one to indemnify the other, or (b) the circumstances are such that the law will imply such an undertaking. Thus, a railroad's failure to make required repairs to a crossing renders it liable to a town, as indemnitor, for recoveries obtained against the town under the statutes relating to town liability for defective highways,

and for costs of defense. *Town of Roxbury* v. *The Central Vermont Railroad Co.*, 60 Vt. 121, 139, 14 A. 92 (1887); *Town of Duxbury* v. *The Vermont Central Railroad Co.*, 26 Vt. 751, 752 (1854). Our leading case recognizes the existence of the rule, although denying its application to particular facts. *Spalding* v. *Administrator of Oakes*, 42 Vt. 343, 347 (1869).

The applicable rule is clearly stated in Restatement of Restitution § 95 (1937):

> Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition.

Comment (a) to § 95 makes clear that the rule also applies to situations where, as here, a party has a nondelegable duty with respect to the condition of his premises, but has entrusted the performance of this duty to a third person, either a servant or an independent contractor. And a negligent failure to discover or remedy the defect does not bar indemnity.

The complaint in the instant case alleges the implied undertaking of the defendants that they would perform their work in a safe, skillful and generally workmanlike manner. As between plaintiff and defendants, it was clearly the duty of the defendants to make safe the door on which they were working or to warn of the danger they had created. While, as against the person injured, plaintiff here had a nondelegable duty to keep its premises reasonably safe, the violation of that duty was clearly the primary fault of the defendants, and a right of indemnity in the plaintiff follows. That right springs from its contract with the defendants. See, as adopting the rule of § 95 in New Hampshire, and clearly explaining the basic reasoning behind it, the opinion of Kenison, C.J., in *Sears, Roebuck & Co.* v. *Philip*, 112 N.H. 282, 294 A.2d 211 (1972).

*Digregorio* v. *Champlain Valley Fruit Co.*, 127 Vt. 562, 255 A.2d 183 (1969) is also very much in point. A wholesaler who had inserted a thermometer in a banana was held liable to indemnify a retailer who had settled with a customer injured by biting upon it. Both sales carried an implied warranty of wholesomeness and fitness for human consumption. Both wholesaler and retailer were liable to the customer. But this fact was held not to defeat the undertaking of the wholesaler to the retailer. There, as here, the court was not concerned with contributions among wrongdoers who have violated equivalent duties. The wholesaler's warranties were held to extend to the retailer as well as to the customer. In the instant case, the duty of careful repair extended to the owner as well as the patron, and it is upon this duty, to the owner under the defendants' contract, that the right of indemnity is based. The defendants, as independent contractors, assumed the duty of performing an act depending on their care and attention; having failed to exercise that care and attention, they are liable to the property owner, with whom they contracted, if he is called to pay and does pay damages arising from such negligence for which he is liable. *Scott* v. *Curtis*, 195 N.Y. 424, 88 N.E. 794 (1909).

*The order of the Rutland Superior Court denying defendants' motion to dismiss plaintiff's complaint is affirmed, and the cause is remanded.*