# Gregory Hiltz v. John Deere Industrial Equipment Company, and Murphy Equipment, Inc. v. Sherburne Corporation and American Mutual Insurance Company of Boston

[497 A.2d 748]

No. 83-579

Present: **Hill, Underwood, Peck and Gibson, JJ., and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed May 31, 1985

*James W. Volz* and *Ritchie E. Berger* of *Dinse, Allen & Erdmann*, Burlington, for Defendants-Appellants John Deere Industrial Equipment Co. and Murphy Equipment, Inc.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee Sherburne Corp.

**Hill, J.** This case involves an appeal by the defendants, John Deere Industrial Equipment Company (Deere) and Murphy Equipment, Inc. (Murphy) from an order of the Rutland Superior Court dismissing their third-party complaint against the third-party defendants, Sherburne Corporation (Sherburne) and American Mutual Insurance Company of Boston. We affirm.

This action originated as a tort action in which the plaintiff, Gregory Hiltz, sued the defendants for personal injuries sustained in an accident. At the time of the accident, Hiltz was employed as an equipment operator by Sherburne. Deere manufactured and sold to Sherburne a side boom counterweight for use on one of Sherburne's tractors. The counterweight was installed on the tractor by Murphy.

Plaintiff's complaint alleges that the side boom counterweight was defective, causing an integral structural islet to fracture and dismember and thus negate the effect of a piston arm on the counterweight. As an employee of Sherburne, Hiltz was provided with the defective tractor and side boom for use in the scope of his employment. While using this equipment, Hiltz was severely injured when the side boom counterweight malfunctioned.

Deere and Murphy denied the allegations in Hiltz's complaint and filed a third-party complaint against Sherburne. In their complaint they alleged Sherburne had actual knowledge of a broken hydraulic piston on the side boom counterweight and that, notwithstanding this knowledge, it permitted Hiltz to operate this device while it was broken. They alleged that any injury to Hiltz was solely caused by Sherburne's actions and that, even if they were negligent, any negligence on their part was passive and secondary while Sherburne's negligence was active and primary. Consequently, Deere and Murphy claimed they were entitled to be indemnified by Sherburne for any judgment rendered against them in favor of Hiltz. Alternatively, Deere and Murphy requested that any judgment against them be reduced by the amount of Sherburne's workers' compensation lien or that they

be given a judgment against Sherburne in that amount. They also requested declaratory relief ordering Sherburne to pay directly to them any future workers' compensation benefits to which Hiltz becomes entitled.

Sherburne filed a motion to dismiss the third-party complaint pursuant to V.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Sherburne alleged the complaint was barred by Vermont's rule against contribution among joint tortfeasors. *Howard* v. *Spafford*, 132 Vt. 434, 321 A.2d 74 (1974); *Spalding* v. *Oakes*, 42 Vt. 343 (1869). The superior court agreed with Sherburne and dismissed the third-party complaint. Deere and Murphy appeal that decision.

■ Appellants first claim that their third-party complaint should not have been dismissed because it sufficiently pleaded a claim for indemnity which is an exception to the rule against contribution among joint tortfeasors. Under Vermont law, a right of indemnity exists if "(a) there is an express agreement or undertaking by one to indemnify the other, or (b) the circumstances are such that the law will imply such an undertaking." *Bardwell Motor Inn, Inc.* v. *Accavallo*, 135 Vt. 571, 572, 381 A.2d 1061, 1062 (1977). Appellants argue that the circumstances in the present case are such that Sherburne has an obligation to indemnify them. They argue that because liability to Hiltz may be imposed on them based on strict liability in tort and regardless of any negligence on their part, they are not "in equal fault" with Sherburne and that this constitutes a basis for finding an obligation to indemnify. See *Morris* v. *American Motors Corp.*, 142 Vt. 566, 576, 459 A.2d 968, 974 (1982) (indemnity allowed where parties not in equal fault and one is compelled by some legal obligation to pay damages occasioned by negligence of another); *Digregorio* v. *Champlain Valley Fruit Co.*, 127 Vt. 562, 565, 255 A.2d 183, 185 (1969) (indemnity permitted where parties not in equal fault and plaintiffs entitled to rely on defendant's warranty to them).

■■ An obligation to indemnify does not arise merely from the disparate quality of independent torts. This is apparent from this Court's failure to adopt the "active-passive" distinction as forming a basis for indemnity. *Bardwell, supra,* 135 Vt. at 572, 381 A.2d at 1062; see *Zaleskie* v. *Joyce,* 133 Vt. 150, 158, 333 A.2d 110, 115 (1975) (refusing to address "active-passive" distinction as forming basis for indemnity). An obligation of indemnity has been imposed where the relationship of the parties is such that

the obligations of the alleged indemnitor extend not only to the injured person, but also to the indemnitee. See *Morris, supra*, 142 Vt. at 576, 459 A.2d at 974 (strictly liable manufacturer of automobile entitled to indemnity from manufacturer of defective part); *Bardwell, supra*, 135 Vt. at 572, 381 A.2d at 1062 (owner with nondelegable duty to keep premises reasonably safe entitled to indemnity from a contractor whose misconduct created hazard); *Digregorio, supra*, 127 Vt. at 565, 255 A.2d at 185 (retailer of defective fruit entitled to indemnity from wholesaler); Prosser and Keeton on The Law of Torts § 51, at 341-42 (5th ed. lawyer's ed. 1984) (indemnity in favor of one held responsible solely by imputation of law because of relation to actual wrongdoer). In the present case, the relationship between the appellants and Sherburne is not one which imposes an obligation on Sherburne to indemnify appellants. Sherburne is the purchaser of an allegedly defective product. Sherburne's relationship with appellants is precisely opposite to the relationship which gave rise to the obligation to indemnify in *Morris, Bardwell* and *Digregorio*. The law imposes no implicit obligation upon the purchaser of a product to indemnify the manufacturer. See, e.g., *William H. Field Co.* v. *Nuroco Woodwork, Inc.*, 115 N.H. 632, 634, 348 A.2d 716, 718 (1975) (no duty flowing "upstream" from purchaser to manufacturer giving rise to obligation to indemnify); 2A A. Larson, Workmen's Compensation Law § 76.84, at 14-752 n.49 (1983 & Supp. 1984) (citing cases finding no obligation on purchaser to indemnify manufacturer). Furthermore, in *Viens* v. *Anthony Co.*, 282 F. Supp. 983, 987 (D. Vt. 1968), it was determined that a manufacturer's breach of warranty would be active fault and as a matter of law would preclude the manufacturer from seeking indemnity from the purchaser. Thus, under Vermont law, one is not entitled to indemnity from a joint tortfeasor merely because one may be free from negligence, or another is more at fault.

Appellants next argue that the common law rule barring contribution among joint tortfeasors should be reexamined and abrogated. We decline to do so because, under the facts of this case, contribution would be barred regardless of the existence of the common law rule.

As a general rule, in order for a right of contribution to exist among joint tortfeasors, they must both be originally liable to the plaintiff. Prosser, *supra*, § 50, at 339-40. In the present case, there is no original liability in tort running from the third-

party defendant, Sherburne, to the plaintiff, Hiltz. Under the statutory provisions for workers' compensation, Sherburne is immune from tort liability to Hiltz. 21 V.S.A. § 622 (employee's exclusive remedy against employer is under provisions of workers' compensation). A great majority of jurisdictions have found that the exclusivity of workers' compensation bars contribution by the employer. See Larson, *supra*, § 76.20, at 14-571 to 14-595. We agree with these courts. An employer's liability under workers' compensation is absolute and does not depend upon whether he or she was negligent. In exchange for this liability, the employer is protected from being sued by the employee for any other right or remedy. Requiring the employer to be liable nonetheless for contribution in spite of this protection would result in a substantial derogation of the workers' compensation laws. Thus, regardless of the rule precluding contribution among joint tortfeasors, under the facts of the present case, there is no joint liability and thus no basis to find any obligation for contribution owed by Sherburne to appellants.

Appellants' final argument is that an equitable set-off should be ordered against any judgment imposed on them. Because we find that the workers' compensation act precludes such a set-off, we reject appellants' argument.

■    Title 21 V.S.A. § 624 addresses dual liability in cases involving workers' compensation. Section 624(a) states:

> Where the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof . . . the injured employee or his personal representative may also proceed to enforce the liability of such third party for damages . . . .

Under 21 V.S.A. § 624(e), where a recovery from such a third party is obtained, "damages resulting from personal injuries . . . shall first reimburse the employer . . . for any amounts paid or payable under this chapter . . . ." Appellants seek to have these sections read narrowly so that reimbursement under § 624(e) is required only when a third party is wholly liable for the injury to the employee. The plain language of § 624(a) reveals that it applies to "circumstances creating *a* legal liability in some person other than the employer." (Emphasis added.) It is not restricted

to circumstances creating a legal liability *solely* in some other person. Since the meaning of § 624(a) is plain on its face, we do not read into it by statutory construction words which are not there. See *Jones v. Department of Employment Security*, 140 Vt. 552, 554, 442 A.2d 463, 464 (1982) (where meaning of statute plain, Court must enforce it *according to its express terms*). We thus reject appellants' argument that § 624(a) is applicable only when a third party is solely liable, and hence, the provision for reimbursement in § 624(e) is applicable in the present case. The plain meaning of § 624 requires us to enforce the statute according to its express terms. *Jones, supra.* Any inequities which result thereby are not our prerogative to correct.

*Affirmed.*