## Julien LaVallee v. Vermont Motor Inns, Inc. d/b/a Howard Johnson Motor Lodge and Green Mountain Power Corp.

[569 A.2d 1073]

No. 88-421

Present: Allen, C.J., Gibson, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed November 3, 1989

*Sullivan, Sullivan and Enzor*, Rutland, for Plaintiff-Appellant.

*Hull, Webber, Reis & Caney*, Rutland, for Defendant-Appellee Vermont Motor Inns.

*John H. Fitzhugh* of *Sheehey Brue Gray & Furlong*, Burlington, for Defendant-Appellee Green Mountain Power Corp.

**Morse, J.** During a power outage on the night of September 5, 1985, plaintiff fell and injured himself in his room at the Howard Johnson Motor Lodge in White River Junction, Vermont. He sued both the owner of the motel, for negligently failing to provide adequate emergency lighting, and the electrical power company, for negligently failing to inspect and maintain its

power lines. At the close of plaintiff's case, the trial court granted both defendants' motions for a directed verdict, and plaintiff appeals. We affirm.

■ In reviewing a ruling on a motion for directed verdict, this Court will view the evidence in the light most favorable to the nonmoving party. *Lillicrap v. Martin*, — Vt. —, —, — A.2d —, — (1989). If any evidence fairly and reasonably supported plaintiff's claims, the directed verdicts were improper. See *Senesac v. Associates in Obstetrics & Gynecology*, 141 Vt. 310, 312, 449 A.2d 900, 902 (1982).

The power failure was caused by a tree which fell on the line along Route 5 during a storm. Plaintiff introduced evidence designed to show that defendant Green Mountain Power was grossly negligent in its failure to inspect and maintain its lines in that area, arguing that the accident would not have occurred if the right-of-way had been properly cleared. In directing a verdict for the defendant, however, the trial court ruled that an electric utility is not liable for harm caused by an interruption in service to a party who is not a customer of the utility. Alternatively, the court ruled that even if the power company owed a duty of care to a noncustomer, in this case there was no evidence of gross negligence; indeed, the court held, "even were the standard ordinary negligence, there's no showing of ordinary negligence in this case."

We need not decide here whether or under what circumstances an electrical utility may be held liable for injury to a noncustomer caused by an interruption in service. Even if defendant owed a duty of care to noncustomers, plaintiff's evidence did not tend to show that defendant Green Mountain Power breached its duty. We also need not decide that the utility may be held liable only if its conduct amounts to gross negligence or willful default, on the ground that the tariff filed by the power company with the Vermont Public Service Board includes a clause limiting its liability in such fashion. For in this case, plaintiff's evidence is insufficient to demonstrate even ordinary negligence by Green Mountain Power.

Viewed most favorably to plaintiff, the evidence showed that an elm tree, located about twenty feet from the power line on an

embankment, fell across the line in a heavy rain storm. Plaintiff's expert testified that Central Vermont Public Service Corporation—another electric utility—tried to keep its rural power lines of the type involved in this case clear of trees to fifteen feet on each side and that utility employees worked in a "six to seven years' cycle, of retrimming and cutting where necessary." Plaintiff's strongest evidence is his expert's opinion that *if* the tree had been bent from a previous storm, then it should have been cut. But the evidence did not tend to show that the tree *had* been bent previously, and, more importantly, no evidence was offered tending to show that defendant Green Mountain Power failed to properly maintain or regularly inspect the rights-of-way around its lines. The facts do not amount to negligence.

Plaintiff argues in his brief that soil erosion around the tree's roots caused it to fall, and that proper inspection would have revealed the danger of erosion from the water runoff down the embankment. Both propositions are conjecture. We have reviewed the trial record carefully and find no evidence to support plaintiff's theory. Plaintiff's own witness, a line worker for Green Mountain Power who cut down the elm and "re-energized" the line on the night of the incident, testified in response to a question about the roots being exposed: "I don't know about the roots, but the weight of the rain and everything on the tree had brought the tree over."

This Court reviewed a directed verdict in *Marshall v. Milton Water Corp.*, 128 Vt. 609, 270 A.2d 162 (1970), where the owners of a barn that burned down sued a water company after the fire department was unable to get water from the company's hydrant during the fire. We stated:

> [N]o matter what rule of negligence is adopted, and assuming, for the purposes of testing the directed verdict in this case, that the standard is only that of ordinary negligence, the burden of proof on the issue rests on the plaintiffs. They are obligated to present evidence of negligence sufficient to preponderate in their favor, to the satisfaction of a jury. If the evidence is so tenuous that a verdict based upon it must be set aside, the direction of a verdict is proper. It is

to be noted that the issue to be proved must be directly supported by some evidence, a burden not overcome by the introduction of facts generating only conjecture, surmise or suspicion.

*Id.* at 612, 270 A.2d at 164 (citations omitted). We affirmed the trial court's decision directing a verdict for the defendant water company.

■ Plaintiff in this case has similarly failed to meet his burden to make out a prima facie case of negligence by Green Mountain Power. A directed verdict was proper.

As to the cause of action against the motel owner, plaintiff introduced evidence that defendant Howard Johnson Motor Lodge had notice of power failures in previous years, that it provided flashlights at the front desk for emergencies, that emergency lighting was available in the motel hallways, and that inexpensive battery-powered lighting fixtures were available at the time of the accident and could have been installed in the motel rooms. The trial court concluded that this evidence, even if true, was insufficient as a matter of law to show that the motel owner had failed to exercise ordinary care to the plaintiff.

■ A motel owner has a duty to keep its premises reasonably safe. *Bardwell Motor Inn, Inc. v. Accavallo*, 135 Vt. 571, 573, 381 A.2d 1061, 1062 (1977). "The true test of negligence is what would a careful and prudent person have done under like circumstances, acting on his [or her] judgment then, and not on a judgment based on subsequent reflection." *Garafano v. Neshobe Beach Club, Inc.*, 126 Vt. 566, 573, 238 A.2d 70, 76 (1967). While power failures had occurred on a few occasions in the past decade, defendant Vermont Motor Inns' general manager stated, in testimony elicited by plaintiff's counsel, that he knew of no instances where patrons were injured during an outage. The probability of a patron at the motel suffering injury from a fall during a power failure, which would have been avoided had the motel provided emergency lighting, was extremely slim. The motel owner is not an insurer. Its duty is only to exercise reasonable care for the protection of its patrons. "Negligence . . . is conduct which falls below the standard established by law for the protection of others against unreason-

able risk. It necessarily involves a foreseeable risk, a threatened danger of injury, and conduct unreasonable in proportion to the danger." Prosser and Keeton on The Law of Torts § 43, at 280 (5th ed. 1984); see also *id.* § 61, at 425–28. While the precautions plaintiff urges in hindsight *may* have reduced the risk and avoided plaintiff's injuries, defendant's conduct was not, as a matter of law, "unreasonable in proportion to the danger." The facts adduced by plaintiff are simply insufficient to permit a reasonable juror to conclude that defendant's conduct fell below the requisite standard of care. See *id.* § 37, at 235–38. The trial court properly directed a verdict in defendant's favor.

■ In making this determination, the trial court appropriately considered evidence of the motel industry's practice and custom, see Restatement (Second) of Torts § 295 A (1965), noting that no witness knew of any motel or hotel that provided the sort of emergency lighting that plaintiff claims defendant had a duty to provide. The general manager of Vermont Motor Inns testified (again, in direct examination by plaintiff's counsel): "In my ten years [in the industry] and all my travels, I've never seen emergency lighting in a motel room." While industry custom is not conclusive as to what is reasonably prudent conduct in any given case, it is a useful guide, unless it is apparent that under the particular circumstances of the case a reasonable person would not conform to the industry-wide custom. See *McCormack v. Noble Drilling Corp.*, 608 F.2d 169, 174 n.8 (5th Cir. 1979).

*Affirmed.*

### In re J.R.