# Michael Peters and Margaret Peters v. Richard Mindell and Leslie Mindell v. G. Norman Schreib and General Products, Inc.

[620 A.2d 1268]

No. 91-478

Present: **Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 18, 1992

*Craig Weatherly* of *Gravel and Shea,* Burlington, for Defendants-Appellants, Richard and Leslie Mindell.

*John T. Leddy* of *McNeil & Murray*, Burlington, for third-party Defendants-Appellees, G. Norman Schreib and General Products, Inc.

**Gibson, J.** Third-party plaintiffs, Richard and Leslie Mindell, appeal from a decision granting summary judgment in favor of third-party defendants, G. Norman Schreib and General Products, Inc. The Mindells claim that the court erred in finding that there were no material facts in dispute and in concluding that third-party plaintiffs had no right to indemnification as a matter of law. We reverse.

In September 1987, plaintiffs Michael and Margaret Peters purchased from defendants Richard and Leslie Mindell a house defendants had constructed. In June 1988, the Peters filed a complaint against the Mindells alleging various defects in the home, including that (1) the septic system did not conform to the approved design on file with the town zoning office, (2) the system's mound had broken out of the toe, (3) the mound was too close to the foundation drain, (4) the mound was partially on the adjoining neighbor's lot, (5) the septic system did not perform satisfactorily, and (6) no certificate of occupancy had been issued by the town because the engineer had not approved the septic system.

In April 1989, the Mindells filed a third-party complaint against third-party defendants, engineer G. Norman Schreib and General Products, Inc., alleging that the Mindells had engaged the services of Schreib and General Products to design and certify construction of a mound septic system on the lot later sold to the Peters, that the Mindells had constructed the mound septic system in accordance with the design, and that Schreib had certified that it had been completed according to the design. The Mindells claim that to the extent the Peters are entitled to recover from them for defects in the septic system, it is because of the negligence in the design or certification of the system by Schreib and General Products. The Mindells request that Schreib and General Products indemnify them for any sum due to the Peters as a result of defects in the mound septic system.

On March 29, 1990, the Chittenden Superior Court entered summary judgment for third-party defendants, Schreib and

General Products, on the ground that the relationship between the Mindells and General Products was not one that implied a right of indemnification. On March 8, 1991, the Mindells moved for reconsideration of the court's summary judgment decision. The court denied the request for reconsideration because the motion was filed "substantially out of time" and, thus, reconsideration would be "very prejudicial" to Schreib and General Products. The court also concluded that the motion did not raise any new facts or points of law that were not considered in the previous order.

Schreib and General Products then moved for entry of final judgment pursuant to V.R.C.P. 54(b). The court granted the motion, and the Mindells took this appeal.

Before reaching the merits of the appeal, we briefly address the procedural issue raised by Schreib and General Products. They claim that this Court should affirm the superior court's order denying reconsideration because the court did not abuse its discretion in determining that the motion was untimely, was prejudicial to third-party defendants, and failed to raise any points not previously addressed. We agree that it was within the court's discretion to deny the motion for reconsideration on these grounds. This is not dispositive of the appeal, however, because the Mindells have not appealed from the denial of reconsideration but rather from the final judgment. The final judgment was based on the findings and conclusions of the original summary judgment order, which was not appealable until entry of final judgment under V.R.C.P. 54(b). Accordingly, on appeal we consider the merits of the summary judgment order.

■■ We apply the standard enunciated in V.R.C.P. 56(c) in reviewing a decision to grant summary judgment. Thus, the moving party has the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. See *Kelly v. Town of Barnard,* 155 Vt. 296, 299, 583 A.2d 614, 616 (1990). Moreover, we regard all allegations made in opposition to summary judgment as true, if supported by affidavits or other evidence. *Messier v. Metropolitan Life Ins. Co.,* 154 Vt. 406, 409, 578 A.2d 98, 99–100 (1990).

In reviewing the summary judgment decision, we therefore accept the facts as advanced by Richard Mindell in his affidavit dated March 8, 1990. According to Mindell, he engaged the

services of third-party defendants on the basis of representations by Schreib that he was a licensed professional engineer with the competence required to design and certify construction of a mound septic system. The town septic permit was granted solely on the condition that it be constructed in accordance with Schreib's design, and inspected during and after construction. Moreover, the town required written certification that the system was in compliance with the design. On October 15, 1987, after a site inspection, Schreib wrote to the town stating that the system was installed in accordance with the design plan submitted to the town and that it operated satisfactorily.[*]

Mindell supervised construction of the mound, which was installed substantially in accordance with the plans and specifications of Schreib. In preparing the ground for construction, Mindell followed oral instructions given by Schreib, and the mound was located precisely as shown on the site plan prepared by third-party defendants.

During construction, Mindell repeatedly requested inspections by Schreib, who declined to make a site visit until the final inspection of the completed system because he did not have the time. The alleged deficiencies in the system would have been visible to Schreib had he made an inspection, and Mindell could then have corrected any failure to comply with the design during construction. The Mindells relied on the design and certification by Schreib when they sold the home to the Peters. In sum, the Mindells argue that any defect in the mound septic system is due to negligence in design, location or certification, for which they contracted with third-party defendants, and that Schreib and General Products must indemnify them to the extent that they are held liable to the Peters for defects in the septic system.

■ Vermont law precludes contribution among joint tortfeasors but recognizes a right of indemnity if (1) there is an express agreement by one party to indemnify the other, or (2) the circumstances are such that the law will imply such an un-

---

[*] According to a later affidavit by Schreib, he revoked the October 15th certification on January 12, 1988, on the ground that a recent inspection had revealed that verbal instructions given to the contractor were not performed.

dertaking. *Bardwell Motor Inn, Inc. v. Accavallo*, 135 Vt. 571, 572, 381 A.2d 1061, 1062 (1977). There is no express indemnity agreement in this case, and third-party defendants maintain that the superior court was correct in concluding that there were no circumstances based on which the law would imply a right to indemnification. We disagree.

██ "[I]ndemnity is a right accruing to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another." *Morris v. American Motors Corp.*, 142 Vt. 566, 576, 459 A.2d 968, 974 (1983). Unlike contribution in which liability is shared by joint tortfeasors, the right of indemnity shifts the entire loss upon the real wrongdoer. *Viens v. Anthony Co.*, 282 F. Supp. 983, 985 n.2 (D. Vt. 1968). The obligation of indemnity, however, is only imposed where there is a legal relationship between indemnitor and indemnitee. See *id.*; *Hiltz v. John Deere Indus. Equip. Co.*, 146 Vt. 12, 14–15, 497 A.2d 748, 751 (1985).

Such a relationship can be found in various circumstances. We have found that an automobile manufacturer held strictly liable was entitled to indemnity from the manufacturer of the defective part. *Morris*, 142 Vt. at 576, 459 A.2d at 974. Similarly, we concluded that a hotel owner with a nondelegable duty to keep the premises reasonably safe was entitled to indemnity from the contractor who created a hazard in repairing a hotel door. *Bardwell*, 135 Vt. at 572, 381 A.2d at 1062.

In *Bardwell*, we adopted the rule stated in the Restatement of Restitution § 95 (1937) as follows:

> Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition.

135 Vt. at 573, 381 A.2d at 1062.

We applied the *Bardwell* rule in *Goulette v. Babcock*, 153 Vt. 650, 651, 571 A.2d 74, 75 (1990) (mem.), in which the owner and

manager of an apartment complex sought indemnification from the architect, who had designed the complex, after two children fell through the ice on the pond. The issue was who was primarily responsible for the lack of a fence around the pond. We upheld the trial court's decision to dismiss the indemnity action against the architect because the owner and manager had acquiesced in the design, allowing the pond to remain unfenced for nine years prior to the accident. The expertise of an architect was not necessary to conclude that the pond posed a danger to children.

The instant case is analogous to *Bardwell*. Schreib and General Products contracted with the Mindells to design and certify the septic system. This contract created a legal relationship sufficient to impose an obligation of indemnity. See *Bardwell*, 135 Vt. at 573, 381 A.2d at 1062. "[A]ccompanying every contract is an implied duty to perform with care, skill, reasonable expedience and faithfulness." *South Burlington School Dist. v. Calcagni-Frazier-Zajchowski Architects, Inc.*, 138 Vt. 33, 44, 410 A.2d 1359, 1364 (1980). Thus, Schreib and General Products had an implied duty to carry out their obligations with a certain degree of care. If the Mindells are held liable for the defects in the mound septic system, but the defects were created by the negligence of Schreib and General Products, then the Mindells are entitled to indemnification. See *Chirco Constr. Co. v. Stewart Title & Trust of Tucson*, 629 P.2d 1023, 1025 (Ariz. Ct. App. 1981) (if builder-vendor establishes that only liability to purchaser is for breach of warranty of habitability, then builder-vender is entitled to indemnity from developer shown to be at fault for soil condition causing damages). The *Goulette* exception to the *Bardwell* rule does not apply here. Unlike the situation in *Goulette*, there is no indication that the Mindells knowingly acquiesced in the continuation of the condition.

Finally, third-party defendants argue that the superior court correctly relied on *Powers v. Parallax, Inc.*, No. 81–16 (D. Vt. Jan. 13, 1983), in concluding that no right to indemnification can be implied in this case because there is no warranty for design services. In *Powers*, a home owner brought suit against the architect who designed her home, alleging breach of contract, negligence, and breach of express and implied warranties. The architect moved for summary judgment on the contract and warranty claims only. The court denied summary judgment on

the contract count but granted summary judgment in favor of the architect on the warranty claims because it saw "no reason to conclude that Vermont would imply a warranty of fitness by the architect." *Id.* at 5.

We do not decide whether summary judgment on the warranty claim was proper in *Powers* because we conclude that *Powers* is not on point. The Mindells have made no claim against Schreib and General Products based on an implied warranty of fitness. Rather, they seek indemnification based on a theory of negligence: that Schreib and General Products failed to carry out their contractual obligation with the requisite degree of care. The *Powers* court did not decide the negligence issue because the defendant did not move for summary judgment on the negligence count.

*Powers* also decided a motion for summary judgment brought by a third-party defendant against the architect, claiming there was no right to contribution among joint tortfeasors. The court denied the motion because the bar against contribution would not apply if the architect were ultimately found liable on the contract claim. The court noted, however, that if the architect were found liable based on active negligence—i.e., negligently designing the heating system—then the bar against contribution would preclude a third-party claim for negligence.

In the instant case, the original action brought by the Peters is based on a warranty. See *Rothberg v. Olenik*, 128 Vt. 295, 305, 262 A.2d 461, 467 (1970) (law implies warranty against structural defects by builder-vendor of newly constructed house). The third-party claim is based on negligence. Just as liability based on the contract claim in *Powers* would permit a third-party indemnity claim, the Mindells may be liable to the Peters based on a warranty theory absent any negligence on their part. In that situation, the Mindells would be entitled to indemnification by the real wrongdoers, the negligent third-party defendants.

We conclude that, if the facts alleged by the Mindells are established at trial, they are entitled to indemnification from Schreib and General Products. There are, however, material facts in dispute that must be resolved, and, therefore, the trial court erred in granting summary judgment.

*Reversed and remanded.*