### Wayne and Judy HOPPER v. Richard and Kathleen KELZ v. Scott Brown and H. Greenberg & Sons

[694 A.2d 415]

No. 96-518

April 3, 1997. Third-party plaintiffs Richard and Kathleen Kelz appeal the dismissal of their claim against third-party defendants H. Greenberg & Sons and Scott Brown, and an order granting third-party defendants' motion for judgment on the pleadings pursuant to V.R.C.P. 12(c). We affirm.

On a V.R.C.P. 12(c) motion, the issue is whether the movant is entitled to judgment as a matter of law on the basis of the pleadings. For purposes of a Rule 12(c) motion, all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn from the pleadings are assumed to be true and any contravening assertions in the movant's pleadings are taken to be false. *Thayer v. Herdt*, 155 Vt. 448, 456, 586 A.2d 1122, 1126 (1990).

The pleadings indicate that on August 7, 1993, Wayne Hopper suffered injuries while he and fellow employee Scott Brown were attempting to remove an old refrigerator from the Kelzes' basement. The Kelzes had purchased a new refrigerator from Hopper's employer, H. Greenberg & Sons, which as part of the sales contract had agreed to remove an old refrigerator from the Kelzes' base-

ment. As a result of his injuries, Hopper received workers' compensation from H. Greenberg & Sons. In addition, Hopper brought a tort action against the Kelzes, alleging that he was injured because the Kelzes directed that he use a cellar stairway to remove the refrigerator and that the stairway was unsafe for that task. On January 18, 1996, the Kelzes filed a third-party complaint against H. Greenberg & Sons and Scott Brown, seeking indemnification of any judgment Hopper might receive against the Kelzes in the tort action.

A party may seek indemnity from a joint tortfeasor "if (a) there is an express agreement or undertaking by one to indemnify the other, or (b) the circumstances are such that the law will imply such an undertaking." *Bardwell Motor Inn, Inc. v. Accavallo*, 135 Vt. 571, 572, 381 A.2d 1061, 1062 (1977). There was no express agreement of indemnification between the Kelzes and H. Greenberg & Sons, or between the Kelzes and Scott Brown. The Kelzes nonetheless argue that an implied right of indemnification exists between them and third-party defendants.

The Kelzes argue that *Bardwell* is analogous to this case. We disagree. In *Bardwell*, we adopted the rule in the Restatement of Restitution § 95 (1937), which states that an implied right of indemnification arises

> "[w]here a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe . . . ."

*Id.* at 573, 381 A.2d at 1062 (quoting Restatement of Restitution § 95 (1937)). In *Bardwell*, the operator of an inn contracted with a glass-repair company to fix the glass on the front door of the inn. During the repair process, one of the patrons of the inn was injured while trying to open the door. The patron received money damages from the innkeeper, who had a nondelegable duty to keep the premises safe. The innkeeper then sought to recover these damages from the repair company under a theory of implied indemnity. We held that the innkeeper was entitled to indemnification by the repair company based upon their contractual agreement. *Id.* at 574, 381 A.2d at 1063. The agreement entrusted the performance of the innkeeper's nondelegable duty to the repair company and impliedly required the repair company to discharge it in a safe and skillful manner. *Id.*; cf. *Peters v. Mindell*, 159 Vt. 424, 429, 620 A.2d 1268, 1271 (1992) (where purchasers of house sue builders for damages caused by defective septic tank, builders may obtain indemnity from engineers who designed and certified construction of tank).

This case is not governed by § 95 of the Restatement. Hopper alleges that the Kelzes failed to maintain their stairway in a safe condition and that the hazardous condition of the stairway caused his injury. Third-party defendants H. Greenberg & Sons and Scott Brown may have had a duty to the Kelzes to replace the refrigerator in a safe and skillful manner, but they did not undertake the Kelzes' duty to maintain the premises in a safe condition. Indeed, third-party defendants incurred no duty with respect to the safety of the stairway. Since there is no legal relationship between the Kelzes and third-party defendants that would give rise to an implied right of indemnification, we affirm.

Because we hold that the Kelzes have no right of indemnification against H. Greenberg & Sons, we do not decide whether H. Greenberg & Sons' statutory immunity under the workers' compensation statute, see 21 V.S.A. §§ 622, 624,

precludes the Kelzes from seeking indemnity from H. Greenberg & Sons.

*Affirmed.*