**LOLI OF VERMONT, INC., plaintiff,**

v.

**Roland E. STEFANDL, defendant.**

and

**Roland E. STEFANDL, third-party plaintiff,**

v.

**ST. ALBANS ELECTRIC APPLIANCE COMPANY, INC., d/b/a Total Home Center, third-party defendant.**

**File No. 2:94–cv–5.**

United States District Court, D. Vermont.

June 2, 1997.

---

Christopher Denis Roy, Carol L. Shea, Asst. U.S. Atty., Downs, Rachlin & Martin, P.C., Burlington, VT, for Loli of Vermont, Inc.

Ellen J. Abbott, David L. Cleary Associates, P.C., Rutland, VT, for Roland E. Stefandl.

Joseph F. Cahill, Jr., Brown, Cahill, Gawne & Miller, St. Albans, VT, for Total Home Center.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff, Loli of Vermont, Inc. ("Loli"), sued its landlord, Roland E. Stefandl, for damages arising out of the flooding of its business, located on the first floor of Stefandl's building. Jurisdiction is based on diversity. Loli asserted five claims against Stefandl: (1) negligent maintenance of the premises; (2) negligent design and construction of a diversion device; (3) breach of an agreement to lease premises suitable for Loli's business; (4) breach of a lease agreement to maintain the premises; and (5) breach of warranty of quiet enjoyment. Stefandl has filed a third party complaint against St. Albans Electric Appliance Company ("St. Albans Electric") for indemnification, alleging that a used washing machine purchased from and installed by St. Albans Electric was defective and/or defectively installed, and caused the flood.

St. Albans has moved for summary judgment, asserting that Stefandl is not entitled to indemnification (paper 59).

### I. *Factual Background*

For purposes of this summary judgment motion, the Court assumes the following facts are true. Stefandl purchased a building in St. Albans Bay, Vermont from Harlan and Lucille Beard in 1988. The building consisted of commercial space on the first floor and an apartment on the second floor. Because Stefandl lived out of state, the Beards assisted him in managing the building after the sale.

In January 1991 Loli's business sustained damage from water leaking from the second floor. A metal drain pan was rigged up at that time for the purpose of catching and diverting any second floor leaks. At around the same time, the washing machine on the second floor stopped working. The Beards bought a used refurbished washing machine for the second floor apartment from St. Albans Electric on January 26, 1991, for $150.00. The machine was sold with a thirty day warranty for parts and labor. Stefandl reimbursed the Beards for the purchase.

Employees from St. Albans Electric delivered and installed the washer, and removed the old machine. In April 1992 the washing machine allegedly leaked from the bottom of the basket, the diversion device did not work, and the resultant flood caused substantial water damage to Loli's business.

### II. *Discussion*

#### A. *Standard*

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552–53. The party opposing summary judgment may not rest on its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in its favor. *Id.* at 255, 106 S.Ct. at 2513–14, citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Unless there is sufficient evidence to enable a jury to return a verdict in favor of the nonmoving party, there is no issue for trial. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citations omitted).

14766666

### B.  *Privity*

At the outset, St. Albans Electric argues that there was no privity between it and Stefandl, and that therefore no obligation of indemnity could have arisen.  It asserts that it sold the washing machine to the Beards, and not to Stefandl.  Stefandl responds that the Beards were acting as agents for him, and therefore privity, if required, existed.

■■■  There is evidence that the Beards took care of building maintenance for Stefandl, that he told them to replace the washing machine, and that they bought the replacement at St. Albans Electric.  The existence and extent of an agent's authority are questions of fact.  *Estate of Sawyer v. Crowell,* 151 Vt. 287, 292, 559 A.2d 687 (1989).  Stefandl has met his burden of showing that there are material facts in issue on this point, and summary judgment on the issue of lack of privity is inappropriate.

### C.  *Indemnity*

■■■  Under Vermont law there is no right to contribution among joint tortfeasors.  *Howard v. Spafford,* 132 Vt. 434, 321 A.2d 74 (1974).  Vermont law recognizes a right of indemnity, however, if there is an express agreement by one party to indemnify another, or circumstances are such that the law will imply such an undertaking.  *Peters v. Mindell,* 159 Vt. 424, 427–28, 620 A.2d 1268 (1992).  The right of indemnity shifts the entire loss upon the real wrongdoer.  *Id.* at 428, 620 A.2d 1268, citing *Viens v. Anthony Co.,* 282 F.Supp. 983, 985, n. 2 (D.Vt.1968).

■■■  In the instant case, there has been no express agreement to indemnify; the issue is whether a right of indemnity may be implied from the circumstances.  A right of indemnity will be afforded a party who, without active fault, has been compelled, by reason of some legal obligation, to pay damages caused by the negligence of another.  *Id.* at 986.  The relationship of the parties must be "such that the obligations of the alleged indemnitor extend not only to the injured person, but also to the indemnitee."  *Hiltz v. John Deere Indus. Equip. Co.,* 146 Vt. 12, 14–15, 497 A.2d 748 (1985).

Thus, an engineer's contract to design and build a septic system for sellers' house created an implied right of indemnity, if sellers were found liable to buyers for defects in the septic system absent any negligence on their part.  *Peters,* 159 Vt. at 430, 620 A.2d 1268.  In a suit for property loss due to a warehouse fire, the warehouse operator, if held liable to the property owner, could look for indemnification from the supplier and manufacturer of a defective heating unit that allegedly caused the fire.  *Eagle Star Ins. Co. v. Metromedia, Inc.,* 578 F.Supp. 184 (D.Vt. 1984).  In an action arising from injuries sustained as a result of a defective automobile part, the manufacturer of the automobile was entitled to indemnification from the manufacturer of the part.  *Morris v. American Motors Corp.,* 142 Vt. 566, 459 A.2d 968 (1982).  A hotel operator was entitled to indemnity when a patron was injured as a result of the negligence of individuals hired to make repairs on the premises.  *Bardwell Motor Inn, Inc. v. Accavallo,* 135 Vt. 571, 381 A.2d 1061 (1977).  A retailer could recover in an indemnity action against a wholesaler whose negligence caused injury to the retailer's customer.  *Digregorio v. Champlain Valley Fruit Co.,* 127 Vt. 562, 255 A.2d 183 (1969).

By contrast, when an employee was injured attempting to remove a refrigerator from a basement, the homeowners, if found liable for an unsafe condition, could not assert a claim for indemnity against his employer.  *Hopper v. Kelz,* —— Vt. ——, 694 A.2d 415, (1997).  The manufacturer and installer of a defective product could not pursue an indemnity action against the employer of an individual who sustained injuries caused by the defective product, even where the defendants alleged that the employer had knowledge of the defect and permitted its employee to operate the device.  *Hiltz,* 146 Vt. at 15, 497 A.2d 748.  In a negligence action, a manufacturer could not bring third party complaints against a host of defendants where it failed to allege any circumstances from which the law could imply obligations to indemnify, and, if found liable to plaintiff, would be guilty of active fault.  *Viens,* 282 F.Supp. at 987.

The cases illustrate the two types of circumstances that must exist in order to find an implied right of indemnity. One, the indemnitee must be free from active fault. Two, the duty at issue must extend both to the injured person and the indemnitee.

■ In the instant case, the original complaint against Stefandl alleged claims of negligence, breach of contract and breach of warranty. Stefandl may therefore be found liable to Loli in the absence of any negligence on his part. St. Albans Electric undertook to furnish and install a used washing machine. It had a duty to act with reasonable skill and care. If it is found to have breached that duty, and that the breach was the cause of Loli's losses, then it may be required to indemnify Stefandl.

### D. *Acquiescence*

■ St. Albans Electric also argues that it is not obligated to indemnify Stefandl because Stefandl knew about the danger to Loli's business but acquiesced in the continuation of the situation. A party is not entitled to indemnity if, after discovery of a dangerous condition, the party acquiesced in the continuation of the condition. *Bardwell,* 135 Vt. at 573, 381 A.2d 1061, quoting Restatement of Restitution § 95 (1937). *See also Goulette v. Babcock,* 153 Vt. 650, 571 A.2d 74 (1990).

■ Stefandl responds that there is no evidence that he knew the washing machine was defective before it leaked in April 1992. St. Albans Electric has contended, however, that the dangerous condition was not the washing machine itself, but the placement of a washing machine on the second floor of Stefandl's building, with inadequate protection from the risk that the machine would leak, when Stefandl knew that Loli's business was vulnerable to damage from flooding. Whether either description of the situation constituted a dangerous condition, and whether Stefandl acquiesced in the continuation of the condition are issues of fact which must await resolution at trial.

### E. *Negligence*

The parties dispute whether the washing machine was refurbished and installed with reasonable skill and care. St. Albans Electric supplied affidavits averring that the machine was sold in good condition, and that the installation was performed in a good and workman-like fashion. Stefandl submitted deposition testimony that clamps securing a rubber boot at the bottom of the washing machine have a tendency to corrode after approximately ten years, that the machine in question was over ten years old, that a visual inspection of the clamps was not made before the machine was sold, and that a rusted clamp was the cause of the leak. He also submitted deposition testimony that installation should have included placing a waste drip pan underneath the washing machine.

■ St. Albans Electric contends that Stefandl's witnesses are not experts, and that their evidence will be inadmissible at trial. "Expert testimony is not generally required 'where the alleged violation of the standard of care is so apparent that it may be understood by a lay trier of fact without the aid of an expert.'" *Coll v. Johnson,* 161 Vt. 163, 165, 636 A.2d 336 (1993) (quoting *Larson v. Candlish,* 144 Vt. 499, 502, 480 A.2d 417, 418 (1984)). Whether there has been a deviation from the standard of care in this case is a matter which can be determined by jurors applying their own common knowledge to the applicable legal principles.

### III. *Conclusion*

St. Albans Electric's Motion for Summary Judgment (paper 59) is hereby DENIED.