**Clemence TREPANIER, Executrix of the Estate of Gaston Trepanier v. BANKERS LIFE & CASUALTY CO.**

[706 A.2d 943]

No. 96-507

December 2, 1997. Plaintiff Clemence Trepanier appeals from a summary judgment order of the Washington Superior Court in favor of defendant Bankers Life and Casualty Co. She contends the trial court erred in concluding as a matter of law that her authority to accept a contract on behalf of her husband, Gaston Trepanier, terminated when he lapsed into a coma. We agree that the court erred, and therefore reverse.

In reviewing a decision to grant summary judgment, we apply the same standard as the trial court; we regard all allegations made in opposition to the motion as true, and affirm only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Peters v. Mindell*, 159 Vt. 424, 426, 620 A.2d 1268, 1269 (1992).

In reviewing the summary judgment in favor of Bankers Life, we therefore accept the facts as advanced by Clemence Trepanier in her affidavit. On March 2, 1993, Bankers Life proposed in a letter addressed to Gaston Trepanier that he accept a lump sum settlement of $20,000

in exchange for release from a disability income policy that paid Mr. Trepanier a $400-a-month benefit. The letter stated that should Mr. Trepanier decide "to accept our offer," he could "jot a note at the bottom of this letter and return it." Bankers Life sent a follow-up letter on April 2, 1993, reminding Mr. Trepanier of the "lump sum offer" and urging him to make a timely response if he wished to "accept the offer." According to Mrs. Trepanier, she discussed the idea with Mr. Trepanier, who decided to accept the offer and directed her to write a note on the bottom of the March letter as directed. She did so on April 6, and placed the letter in an envelope, intending to send it the following day. On April 7, Mr. Trepanier was hospitalized and the letter was not mailed. Mr. Trepanier fell into a coma on April 8. On April 12, Mrs. Trepanier purported to accept the offer by mailing the letter to Bankers Life. On April 14, Mr. Trepanier died. Bankers Life subsequently revoked the offer and issued a final disability payment.

Clemence Trepanier thereupon filed this breach-of-contract and bad faith action against Bankers Life on behalf of her husband's estate, alleging that a valid contract had been formed when she accepted the $20,000 offer on her husband's behalf, and that Bankers Life had breached the contract in bad faith and in violation of its fiduciary duties. Mrs. Trepanier moved for partial summary judgment on the issue of whether a binding contract had been formed. Bankers Life, in response, filed a cross-motion for summary judgment, arguing (1) that the March 2 letter was not an offer; (2) that even if it was, Clemence Trepanier was not authorized to accept it; (3) that even if she was authorized to accept the offer, she failed to perform a required "condition precedent" by executing a release agreement to extinguish the company's liability under the policy; and (4) that even if Bankers Life had breached a valid con-

tract, there was no evidence of bad faith to support the punitive damage claim. In a supplemental memorandum, Bankers Life made the additional argument that Clemence Trepanier's authority to act as agent for her husband terminated when he lapsed into a coma on April 8, four days before she mailed the acceptance.

Following a hearing, the trial court ruled in favor of Bankers Life. The court assumed, for purposes of the decision, that Bankers Life had made a valid offer, that Clemence Trepanier was authorized to act on her husband's behalf, and that mailing the letter on April 12 was legally sufficient to accept the offer. The court concluded, nevertheless, that Mrs. Trepanier's agency had terminated as a matter of law when Gaston lapsed into a coma four days earlier, on April 8, and therefore that no contract had been formed. Accordingly, the court denied Clemence Trepanier's motion, and entered summary judgment in favor of Bankers Life. This appeal followed.

The sole issue on appeal is whether Mrs. Trepanier's agency terminated when Mr. Trepanier lapsed into a coma on April 8. The general rule is that an agency terminates with the death or permanent incapacity of the principal. See Restatement (Second) of Agency §§ 120, 122 cmt. b (1958). Mrs. Trepanier argues that her power of agency was coupled with an "interest," an exception to the general rule which allows the agency to survive the death or permanent incapacity of the principal. See *D'Amato v. Donatoni*, 105 Vt. 496, 500, 168 A. 564, 565 (1933). We need not decide whether Mrs. Trepanier's agency fits within this exception, however, for an individual in a comatose state is generally not considered to be permanently incapacitated under general agency principles.

The agency rule has been stated as follows: "A comatose person is mentally incompetent while his coma continues and ... when an agent under a power of attor-

ney acts during the mental incapacity of a principal who has not been adjudicated incompetent and for whom no court-appointed committee or conservator has been designated, the act is at most voidable, and not void." *United States v. Manny*, 645 F.2d 163, 166 (2d Cir. 1981); accord *United States v. Price*, 514 F. Supp. 477, 479-80 (S.D. Iowa 1981); *Silver v. United States*, 498 F. Supp. 610, 612 (N.D. Ill. 1980). This rule is predicated on the view that comatose individuals are only temporarily incapacitated, as they may recover, and acts by individuals temporarily incapacitated are at most voidable. See Restatement (Second) of Contracts § 15 cmt. d (1981); 5 R. Lord, Williston on Contracts § 10:3, at 234 (4th ed. 1993). With respect to such voidable contracts, the power to affirm or disaffirm rests solely with the principal or an authorized representative, which can include the estate of the principal. See *Manny*, 645 F.2d at 167; *Silver*, 498 F. Supp. at 612; 5 Williston on Contracts, *supra*, § 10:5, at 249-55. The contract here was not voided by Mr. Trepanier, and there is no claim or evidence that he would have done so prior to his death.

We hold, therefore, that the trial court erred in concluding as a matter of law that Mrs. Trepanier's agency terminated when Mr. Trepanier lapsed into a coma, and in entering summary judgment on this basis.

Additional issues remain to be decided, however. As noted, the trial court assumed, without deciding, that Bankers Life had made a valid offer, that Mrs. Trepanier was authorized to accept the offer, and that mailing the letter on April 12 was sufficient, without more, to constitute a valid acceptance. Because the trial court never reached these issues, or the issue of bad faith, all of which were raised in the cross-motion for summary judgment, we remand for further proceedings.

*Reversed and remanded.*