Filed 11/05/25

**VERMONT SUPERIOR COURT**

Washington Unit

65 State Street

Montpelier VT  05602

802-828-2091

www.vermontjudiciary.org



**CIVIL DIVISION**

Case No. 24-CV-00040

---

**Joseph Lee v. Sisters and Brothers Investment Group, LLP, et al**

---

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment  (Motion: 3)

Filer:          Thomas J. Fay

Filed Date:  October 01, 2025

The motion is DENIED.

The present motion for summary judgment is premised on a narrow legal issue, specifically whether Third-Party Defendant Cascade Drilling, LLC, is responsible under a theory of implied indemnity for creating the dangerous condition at Third-Party Plaintiff Sisters and Brothers Investment Group, LLC's gas station that has been alleged as the basis for Plaintiff Joseph Lee's injuries.

Much of the law of implied indemnity is undisputed.  *Bardwell Motor Inn, Inc. v. Accavallo*, 135 Vt. 571, 572–73 (1977).  In effect, if a party is sued for a dangerous condition that they did not create, and the negligence can be shown to be caused by another's negligence, then the party may seek indemnification under the common

law from the negligent source party.  Id. (citing to Restatement of Restitution § 95 (1937)).  In *Bardwell*, the Vermont Supreme Court affirmed a trial court decision allowing a motor lodge to pursue a door installer for the judgment that the motor lodge received when a customer was injured walking through a glass door that had just been negligently repaired by the door installer.

In this case, Cascade's motion leaves more questions unanswered than resolved.  The record indicates that Cascade installed a monitoring well at the gas station in 2017 at the behest of a soil monitoring company working for Sisters and Brothers.  Cascade states that their only contractual relationship and duty was to the soil monitoring company, but this misses the point of implied indemnity.  The concept is a common law concept and is not tied to strict concepts of privity as contractual indemnity might be.  As the Vermont Supreme Court has stated:

> Implied indemnity should be imputed only when equitable considerations concerning the nature of the parties' obligations to one another or the significant difference in the kind or quality of their conduct demonstrate that it is fair to shift the entire loss occasioned by the injury from one party to another.  Implied indemnification is usually appropriate only when the indemnitee is vicariously or secondarily liable to a third person because of some legal relationship with that person or because of the indemnitee's failure to discover a dangerous condition caused by the act of the indemnitor, who is primarily responsible for the condition.

*Knisely v. Central Hosp.*, 171 Vt. 644, 646 (2000) (mem.) (internal quotations and citations omitted).

In other words, implied indemnity can arise in two general circumstances. The first is where a party become liable for a dangerous situation that is entirely the responsibility of another party. Any evidence that the first party shares or retains an obligations or nondelegable duty to ensure the safety of the site can nullify such a claim. Id. at 647 (discussing a hospital's non-delegable duty to provide a safe workplace). The other is where the first party becomes liable duty to the negligence of another party that the first party had not had an opportunity to discover. This second is closer to the facts of *Bardwell*.

In either case, the Court will need to know several key facts. What is the nature of the party's relationship. This is not simply an issue contractual privity, but it is more akin to a chain of work that one party might provide to another. In this case, while Cascade was not hired directly by the gas station, its work was done for a contractor hired by the gas station and was in service to the gas station's needs. The Court cannot rule as a matter of law that the relationship s were so attenuated that it was unforeseeable that Cascade's work and any negligence would not ensnare Sisters and Brothers.

Moreover, the salient question is what was Cascade's scope of work in 2017? Was Cascade obligated to simply dig a well, which the soil monitoring company would then take over and prepare? Or was Cascade's work entirely its own from start to completion? In other words, did the Plaintiff in this case slip and fall on a well dug and finished by Cascade, or was Cascade merely a subcontractor whose responsibility for the well ended once it was dug, and then responsibility transferred to the soil monitor or to the gas station to finish and prepare? Who was responsible for maintaining the well site? Was the well site in the same condition as Cascade left it? What did Sisters and Brothers know about the well site in the fives years between installation and injury? Did Sisters and Brothers fail to cordon off a known danger? Is the injury a result of a dangerous condition inherent in the well site or a failure to monitor the site?

At least some of these factual issues are critical to the Court's implied indemnity analysis to understand whether the conditions at the site constituted a dangerous condition created by Cascade or whether an intervening party took responsibility for the site. Without further information, the Court is left to speculate and can neither grant nor deny the motion. The record for the conditions at this site is not sufficiently developed in Cascade's motion for the Court to draw conclusions under V.R.C.P. 56(a) that there are no disputed material facts, and that Cascade is or is not entitled to judgment as a matter of law.

For these reasons, Cascade's Motion for Summary Judgment is **Denied** at this time, but it may re-file as the factual record is developed to provide sufficient basis to analyze the nature of its obligations and whether the record shows a lack of legal relationship

Electronically signed on 11/4/2025 7:20 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge