**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| | } | |
| **Town of Northfield,** | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Docket No. 218-10-08 Vtec** |
| | } | |
| **Lawrence Drown, Jason Law, Jacob** | } | |
| **Dorman, and Kenneth Strong,** | } | |
| **Defendants.** | } | |
| | } | |

## Decision on Multiple Motions

The Town of Northfield ("Town") brings this enforcement action against Lawrence ("Larry") Drown, Jason Law, Jacob Dorman, and Kenneth Strong (collectively, "Defendants") for land use and development that is allegedly in violation of various statutory and municipal laws, including conditions placed in the conditional use and site plan approvals that were previously granted to Defendant Larry Drown.[1]

Various motions have been filed in this matter. Defendants Drown and Law have filed a motion for judgment on the pleadings or to dismiss. As the Court noted in our October 28, 2008 Entry Order, these motions made reference to matters outside the complaint and answer, and we therefore gave notice to the parties that we were converting these motions to motions for summary judgment under V.R.C.P. 12(b). Defendant Drown renewed his motion to dismiss on June 9, 2009, but we again note that this motion references matters outside the pleadings and is therefore more appropriately treated as a motion for summary judgment. The Town has responded to Defendant's initial motions and asked for partial summary judgment in favor of the Town. We are therefore presented with cross-motions for summary judgment.

Although this appeal began with only Mr. Drown and Mr. Law listed as Defendants, subsequent transactions led the Town to file an amended Complaint joining Defendants Dorman and Strong. In an Entry Order dated June 29, 2009, the Court granted the Town's motion to allow the amended Complaint. Although the Town's initial motion for partial summary

---

[1] Each Defendant is representing himself in this matter; the Town is represented by William E. Flender, Esq.

judgment only refers to Defendants Drown and Law, the Town has since filed a motion also requesting partial summary judgment against Defendants Dorman and Strong.

In addition to the cross-motions for summary judgment, numerous other motions are currently pending in this appeal. Defendants have filed a motion to allow separate hearings for the various Defendants, and the Town has responded in opposition. The Town has filed a motion to strike from the record a letter that was attached to the motion for separate hearings filed by Defendants Drown and Law. The Town has also filed a motion to compel Defendant Law to comply with discovery requests, and the Town has requested costs incurred in filing that motion. Another motion that is currently pending before this Court is Defendant Drown's motion for a hearing regarding the imposition of sanctions against Attorney Flender under Rule 11 of the Vermont Rules of Civil Procedure.[2]

Various Defendants have asked this Court for other forms of relief, and we treat each request as a separate motion. In particular, all four Defendants have asked the Court to impose various forms of injunctive relief against the Town and to force the Town to pay significant fines and legal fees to all four Defendants. Defendant Strong has also requested that the Town be required to pay him one million dollars for violations of his civil rights.[3] In addition, Defendants have asked this Court to issue an order allowing Defendants Drown, Dorman, and Strong to litigate the property boundary disputes that are at issue in a case that they claim is before the Washington Superior Court. Finally, Defendant Strong has demanded a trial by jury.

Our Decision today addresses all of these pending motions, although the order in which we treat each motion is not necessarily the order in which those motions were filed.

### Factual Background

For the sole purpose of putting the pending motions in context, we recite the following material facts, which we understand to be undisputed unless otherwise noted:

---

[2] Defendant Drown's filing, dated April 13, 2009, is titled "Motion to revisit 10/20/08 Rule 11." This is apparently a reference to Defendants Drown and Law's October 20, 2008 "Motion for Sanctions under Rule 11"—a motion that was accompanied by a cover letter noting that it was not actually being filed at that time but was merely giving notice of Defendants' intent to file such a motion. We interpret Defendant Drown's April 13, 2009 letter, as well as his reference to sanctions in his June 9, 2009 filing, as a motion for a hearing regarding sanctions, based upon the allegations made by Defendants Drown and Law in their October 20, 2008 filing.

[3] Defendant Strong has not specified which of his civil rights the Town has violated, nor has he detailed the Town's actions that have contributed to such constitutional violations.

1. Defendant Drown owns property ("the Property") at 11 Wall Street in the Town of Northfield. The Property is located in the Industrial Zoning District.

2. Defendant Law operates a business called "Beaver Meadows Mechanical" on the Property. According to the Town, this operation is an "automotive repair business." Defendants' filings state that they disagree with this statement, but assert (without a clear explanation of the distinction) that a "mechanical business" is operated on the Property.[4]

3. Sometime before November 17, 2005, Defendant Drown applied to the Town of Northfield Zoning Board of Adjustment ("ZBA") for conditional use approval to construct a 60-foot by 100-foot building for "retail and personal services" on the Property. On November 17, 2005, the ZBA granted conditional use approval to Defendant Drown for engaging in "retail and personal services" on the Property. Although the Court has not been provided with a copy of the conditional use approval or the permit that incorporated it, the minutes from the meeting at which that approval was granted list the following conditions:

> (1) All proposed lighting shall be installed and shielded in such a manner as to conceal light sources and reflector/refractor surfaces from view beyond the perimeter of the property.

> (2) [T]rees will be planted so that they shield the residents on Water Street from view of the buildings and grounds.

4. Sometime before January 16, 2006, Defendant Drown applied for site plan approval to operate a "retail and personal services store" on the Property. On January 16, 2006, the Town Planning Commission at a special meeting granted Defendant Drown site plan approval for his project.

---

[4] It is unclear to the Court whether Defendants perceive a difference between these two terms. It appears as if Defendants have summarily disagreed with a number of the facts presented by the Town, even where the Town provides unrefuted documentation to support those facts. One example of this apparent self-contradiction occurs when Defendants Drown and Law state that they "disagree" with the Town's statement that the Zoning Administrator issued a Notice of Violation to them. Yet, Defendants themselves have submitted that very Notice of Violation to the Court as Exhibit C to one of their own motions.

This Court has previously noted that when a party disagrees with another party's factual representations in support of a summary judgment motion, but "offer[s] no specific facts in contradiction," we will regard the unrefuted facts "as undisputed." In re Appeal of Theresa M. McLaughlin, No. 42-2-05 Vtec, slip op. at 2 n.1 (Vt. Envtl. Ct. Mar. 13, 2006) (Durkin, J.) (citing Greene v. Stevens Gas Serv., 2004 VT 67, ¶ 9, 177 Vt. 90); accord V.R.C.P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

5.      On December 5, 2006, the Town of Northfield Zoning Administrator ("Zoning Administrator") signed a Vermont Department of Motor Vehicles "Vermont Zoning Compliance Certification," stating that Beaver Meadows Mechanical was "in compliance with all local zoning regulations that govern the operation of . . . [a] licensed inspection station."

6.      According to Defendants, they planted evergreens in the spring of 2008. It is not clear where these trees were planted, whether they have survived or whether they are large enough to shield the buildings and grounds from the view of neighboring residents.

7.      On July 8, 2008, the Zoning Administrator sent a Notice of Violation letter ("NOV" or "Notice") to Defendants Drown and Law.[5] The NOV listed the following four actions as being in violation of both the Town's Zoning Regulations and 24 V.S.A. § 4449(a)(1) (requiring a permit before land use development may commence in a town that has zoning bylaws):

    1) "[u]se of property not consistent with conditional use approval";

    2) "[e]stablishment or maintenance of a junkyard as defined in 24 V.S.A. § 2241(7)";

    3) "[e]stablishment of an office in a travel trailer without a permit"; and

    4) "[f]ailure to comply with the condition of Permit #05-104 in regard to the planting of trees 'so they shield the residents on Water Street from view of the buildings and grounds.'"[6]

8.      The July 8, 2008 NOV informed Defendants Drown and law that they had 7 days to correct these violations and that they had 15 days to appeal the NOV to the ZBA at a fee of $83.00. The NOV also provided Defendants with an attached form to use to file their appeal with the ZBA.

9.      Neither Defendant Drown nor Defendant Law appealed the July 8, 2008 NOV to the ZBA.

10.    On April 15, 2009, the Town Zoning Administrator sent another NOV to Defendant Drown. The NOV stated that Defendant Drown had violated 24 V.S.A. § 4449(a)(1) by dividing a parcel into two or more parcels without a permit.

---

[5] Although the Town originally stated that the NOV was issued on August 13, 2008, a later filing by the Town corrected this error and noted that it was actually issued on July 8, 2008.

[6] As noted above, the Court has not yet been provided with Permit #05-104 or any other permit. Nevertheless, this language about the requirement of planting trees appears to be a direct reference to the second condition listed in the conditional use approval that was granted to Defendant Drown and apparently incorporated into a permit at a later point. See ¶ 3, supra.

11. The April 15, 2009 NOV informed Defendant Drown that he had 7 days to correct this violation and that he had 15 days to appeal the NOV to the ZBA at a fee of $83.00. The NOV also provided Defendant Drown with an attached form to use to file his appeal with the ZBA.

12. Defendant Drown did not appeal the April 15, 2009 NOV to the ZBA.

13. On April 21, 2009, the Zoning Administrator sent a NOV to Defendant Dorman. The NOV stated that Defendant Dorman had violated 24 V.S.A. § 4449(a)(1) in the following ways:

1) "[u]se of the property not consistent with zoning approvals";

2) "[e]stablishment or maintenance of a junkyard as defined in 24 V.S.A. § 2241(7)";

3) "[e]stablishment/use of an office in a travel trailer without a permit";

4) "[f]ailure to comply with the condition of Permit #05-104 and the terms of the motion granting Conditional Use approval (Hearing 111705-1) regarding the planting of trees 'so they shield the residents on Water Street from view of the buildings and grounds'"; and

5) "[d]ivision of a parcel into two or more parcels."

14. On April 21, 2009, the Zoning Administrator sent a NOV to Defendant Strong. The NOV stated that Defendant Strong had violated 24 V.S.A. § 4449(a)(1) by dividing a parcel into two or more parcels without a permit. Specifically, the NOV stated the following: "As of April 1, 2009, the property at 11 Wall Street belonging to Lawrence Drown consisted of 1.79 acres: 1.4 acres purchased in 2005, and 0.39 acres purchased in 2008. The 0.39 acre portion was conveyed as a boundary line adjustment. Neither you nor Mr. Drown has sought the required permit from the municipality to divide the property into two or more parcels."

15. Both April 21, 2009 NOVs informed Defendants Strong and Dorman that they had 7 days to correct these violations and that they had 15 days to appeal the NOV to the ZBA at a fee of $83.00. The NOV also provided Defendants Strong and Dorman with an attached form to file their appeal with the ZBA.

16. Neither Defendant Dorman nor Defendant Strong filed an appeal with the ZBA of the respective April 21, 2009 NOVs.

## Discussion

A number of motions are pending before the Court; we address all in this Decision.

5

## I. Defendants' Motion to Allow Separate Hearings

Defendants have not provided the Court with an adequate explanation of why we should allow separate hearings in this appeal. This Court has an obligation "to ensure summary and expedited proceedings consistent with a full and fair determination in every matter" that comes before us. V.R.E.C.P. 1. Separate hearings in this matter would greatly delay a final resolution and increase the use of scant judicial resources, particularly since many of the actions at issue here are closely related (factually and legally) and involve more than one of the Defendants. For these reasons, we **DENY** this motion.

## II. Cross-Motions for Summary Judgment

We may grant summary judgment only when "the pleadings, depositions, [and] answers to interrogatories, . . . together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Generally, the burden of proof is on the party requesting summary judgment. Chapman v. Sparta, 167 Vt. 157, 159 (1997). When presented with cross-motions for summary judgment, we must consider each motion in turn and afford all reasonable doubts and inferences to the party opposing the particular motion under consideration. DeBartolo v. Underwriters at Lloyd's of London, 2007 VT 31, ¶ 8, 181 Vt. 609 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)).

Our evaluation of the pending cross-motions for summary judgment is brief because it is undisputed that none of the Defendants appealed their respective NOVs to the ZBA. Vermont law places great weight on the finality of unappealed zoning decisions and thus provides only one avenue for challenging the validity of a NOV: "an appeal to the appropriate panel" (meaning the ZBA in this case). 24 V.S.A. § 4472(a). Such an appeal is "the exclusive remedy" for Defendants. Id. Because Defendants failed to appeal any of their respective NOVs to the ZBA, the fact of the violations stated in those NOVs cannot now be challenged, either directly or indirectly, in any subsequent proceeding, including this one. See, e.g., City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588–89 (2000) (mem.) (citing 24 V.S.A. § 4472(d)).

Thus, although Defendants present various arguments for why they should not be found in violation of the zoning regulations and permit conditions at issue here, we conclude that such arguments are barred as a matter of law, given Defendants' failure to timely appeal the various NOVs. See, e.g., id.; see also Levy v. Town of St. Albans Zoning Bd. of Adj., 152 Vt. 139, 143

6

(1989) (holding that even when a municipality acts outside its powers, its unappealed zoning decisions cannot be challenged at a later point).

The only way around these strict rules of finality would be if Defendants could claim that finality of the NOVs at issue here would result in a constitutional violation, such as a violation of Defendants' constitutionally-protected civil or due process rights. Here we conclude that we have not been presented with any factual support that such constitutional violations have occurred.

Our Supreme Court has noted that "three [constitutional] requirements must be met for the contents of a notice [of alleged zoning violation] to satisfy due process: the notice must inform the parties of (1) the factual basis for the deprivation, (2) the action to be taken against them, and (3) the procedures available to challenge the action." Town of Randolph v. Estate of White, 166 Vt. 280, 284 (1997). All of the Notices at issue here meet these requirements by stating the factual basis for each listed violation, what actions each party must take to remedy each violation, and the procedures available to Defendants to appeal the NOVs.

This Court has previously commented upon what is required to meet the due process requirements articulated in Estate of White: "Although the notice did not state that failure to appeal the violation allegations would result in a final judgment as to a defendant's violation, due process requires only that the notices apprise Defendants of their right to appeal and how that appeal may be commenced; there is no requirement that the notices state that failure to appeal may result in final decisions against them on the violations." Town of Bristol v. Nelson, No. 45-3-04 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 30, 2005) (Durkin, J.). We therefore find no due process or other constitutional violations in the NOVs that were issued here.

For these reasons, we **GRANT** the Town's request for partial summary judgment and conclude that the law requires us to conclude that Defendants have committed all of the violations listed in their respective NOVs.

Although we are granting the Town's request for partial summary judgment, we decline to summarily assess penalties against Defendants, as we conclude that a merits hearing is necessary to determine what facts are material to the assessment of penalties. Unless the parties can reach an agreement on the issue of penalties and/or injunctive relief, a merits hearing will be scheduled to receive evidence on the appropriate penalties and injunctions (if any) to be imposed on each Defendant, and whether these penalties should include the attorneys' fees that the Town

7

has accrued to date and that could continue to accrue between now and the end of these proceedings.

## III. Defendants' Motion for a Hearing on Rule 11 Sanctions

Although we appreciate that Defendants are upset over their perception of how the Town's attorney has treated them, we find no evidence that the Town's attorney has acted improperly in this case or made any misrepresentations to the Court. See V.R.C.P. 11 (describing what type of conduct warrants sanctions). Nor do we find credible Defendants' allegations that a hearing would reveal such conduct. It is Defendants' duty to reveal the specific factual basis for making such a substantial claim, and no such specific facts have been offered to date. Further, to the extent that Defendants are claiming that the Town's attorney has filed a frivolous action, that claim is foreclosed by our holding above that Defendants are responsible for each violation that the Town has alleged in this proceeding. We therefore conclude that sanctions are not warranted here, and we **DENY** both the request for sanctions and the request for a hearing, given the absence of a factual foundation for Defendants' claims.

## IV. Defendants' Various Motions for Injunctive Relief and the Imposition of Fines Against the Town

Again, we can be brief here. Given our holding that the Town is entitled to partial summary judgment, there can be no doubt that the Town has a legal right to bring this enforcement action against Defendants. Further, as noted above, we find no basis for holding that the Town has acted improperly in these proceedings. Defendants have made various allegations in response to the Town's zoning enforcement actions, including accusations of constitutional and civil rights violations, but have failed to present any facts that could provide a foundation for such claims. Although Defendants are no doubt unhappy with the Town's actions to enforce compliance with its zoning regulations and believe that they are entitled to reimbursement, Defendants have provided the Court with no legal basis for holding that the Town should be punished for pursuing a legal action that the Court has found to be credible. We therefore conclude that there is no basis for granting injunctive relief or imposing fines against the Town. For these reasons, we **DENY** this request as well.

## V. Defendants' Motions to Have this Court Issue an Order Allowing Defendants Drown, Dorman, and Strong to Litigate a Property Boundary Dispute in Another Court

Defendants have asked this Court to issue an order allowing Defendants Drown, Dorman, and Strong to litigate a property boundary dispute that is apparently at issue in a case before the Washington Superior Court. Defendants appear to misconstrue the limited nature of the enforcement action that is before this Court and the limits that the Vermont Legislature has placed on the jurisdiction of this Court. We are presented here with a municipal enforcement action, and that is all that this Court has the authority to address.

Our Supreme Court long ago noted that all courts are constitutionally prohibited from rendering advisory opinions. In re Opinion of the Justices, 115 Vt. 524, 529 (1949). It would be purely advisory and thus inappropriate for this Court to say anything regarding a proceeding that is not before the Court. We therefore **DENY** this request.

## VI. Defendant Strong's Motion for a Trial by Jury

Defendant Strong has demanded a trial by jury. The Vermont Supreme Court has squarely addressed this issue and held that defendants to municipal zoning enforcement proceedings are not entitled to a jury trial, and that the Town has a right to bring these enforcement actions before this Court rather than before a jury. In re Letourneau, 168 Vt. 539, 552–54 (1998). We therefore **DENY** this request.

## VII. The Town's Motion to Strike

The Town has filed a motion to strike a two-page letter that Defendant Drown sent to the Court. Although we understand the Town's concerns about this letter, our holding granting partial summary judgment in favor of the Town appears to render this issue moot. We therefore **DENY** this request.

## VIII. The Town's Motion to Compel Discovery

Given our holding granting partial summary judgment in favor of the Town, it is unclear whether the Town still wishes the Court to address its motion to compel discovery responses from Defendants. To the extent the Town seeks responses that are only relevant to what has already been ruled upon in this Decision, we conclude that the Town's request is now moot. Further, given the amount of time that has passed since this motion was filed (due to the numerous additional motions and responses that were filed as well), we question whether the

Town has in the interim received adequate responses. Given that it is unclear whether the Town still wishes this Court to compel discovery, we decline to rule on the Town's request to compel discovery at this time. That said, we remind Defendants that they are under a continuing legal obligation to comply with properly filed requests for discovery, and we will entertain future requests from the Town to compel discovery if Defendants do not fulfill their obligation to comply with discovery requests.

## IX. The Town's Motion for Expenses Incurred in Compelling Discovery

Given our ruling on the Town's motion to compel discovery at this time, we **DENY** the Town's request for reimbursement of expenses at this time, but note that nothing in our ruling today should be interpreted as a prohibition against the Town putting forth evidence of all the expenses it has incurred in connection with the Court's consideration of the appropriate penalties, if any, to impose against each Defendant.

## Conclusion

For all the reasons more fully discussed above, we **GRANT** the Town's request for partial summary judgment and conclude that Defendants have committed all of the violations listed in the respective NOVs. We **DENY** all of the other motions that are currently pending before this Court. This matter must now be set for a hearing on the penalty phase of this enforcement proceeding.

Done at Newfane, Vermont, this 4th day of September, 2009.

_____
Thomas S. Durkin, Environmental Judge

10