### John Chapman v. Andrew Sparta, Green Mountain Tile Distributors and Bennington House of Tile, Inc.

[702 A.2d 132]

No. 96-474

Present: Amestoy, C.J., Gibson, Morse and Johnson, JJ., and Allen, C.J. (Ret.), Specially Assigned

Opinion Filed September 19, 1997

*John E. Brady* and *Timothy B. Richards* of *Richards and Brady, P.C.*, Springfield, for Plaintiff-Appellant.

*James B. Grussing* of *Eaton & Hayes, P.C.*, Woodstock, for Defendants-Appellees.

**Johnson, J.** Plaintiff Chapman appeals the trial court's grant of summary judgment in favor of defendant Sparta. He argues that the court erred by characterizing his indemnity action as an attempt to

obtain contribution between joint tortfeasors. We reverse and remand because material facts remain in dispute.

Chapman laid floor tiles provided by defendant in the entryway of a building Chapman constructed and now owns. In January 1992, Craig Smith slipped and fell on those tiles and was seriously injured. He sued Chapman, who settled the claim. Chapman then sued Sparta seeking indemnity, claiming that Sparta's tiles caused the accident. Sparta moved for summary judgment. He argued that Chapman had settled a negligence action and was therefore barred under Vermont law from seeking contribution. The trial court agreed, noting that Smith's personal injury suit had alleged negligent conduct by Chapman, and granted summary judgment in favor of defendant. Chapman appealed.

■  We affirm a summary judgment ruling only where the record shows no genuine dispute of material fact and that some party is entitled to judgment as a matter of law. V.R.C.P. 56(c). In deciding whether the parties dispute a material fact, we accept as true allegations presented in opposition to summary judgment if they are supported by affidavits or other evidentiary material. We place the burden of proof on the moving party, and give the opposing party the benefit of all reasonable doubts and inferences in determining whether a material fact is at issue. *Messier v. Metropolitan Life Ins. Co.*, 154 Vt. 406, 409, 578 A.2d 98, 99-100 (1990).

■  We begin by reviewing the law governing indemnity actions. Vermont law ordinarily bars actions for contribution between joint tortfeasors, *Howard v. Spafford*, 132 Vt. 434, 435, 321 A.2d 74, 75 (1974), but the right to indemnity is an exception to this rule. *Bardwell Motor Inn, Inc. v. Accavallo*, 135 Vt. 571, 572, 381 A.2d 1061, 1062 (1977); see also *Morris v. American Motors Corp.*, 142 Vt. 566, 576, 459 A.2d 968, 974 (1982) (in indemnity action, where parties are not in equal fault, rule against contribution among wrongdoers does not apply). "[I]ndemnity is a right accruing to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another." *Morris*, 142 Vt. at 576, 459 A.2d at 974. This right exists where one party has expressly agreed or undertaken to indemnify another, or where the circumstances are such that the law implies such an undertaking. *Bardwell*, 135 Vt. at 572, 381 A.2d at 1062.

In *Bardwell*, we permitted a hotel owner to seek indemnity from a contractor carrying out repairs to the hotel. The contractor had left a

door in a dangerous condition, and a patron of the hotel suffered a fall and injuries as a result. Relying on the Restatement of Restitution, we held that an indemnity action was appropriate where a person has a nondelegable duty with respect to the conditions of the person's premises, but entrusted the performance of the duty to another. *Id.* at 573, 381 A.2d at 1062; see Restatement of Restitution § 95 cmt. a (1937).

Chapman maintains that his case falls under *Bardwell.* He claims that he entrusted his nondelegable duty to maintain the safety of his premises to defendant, by relying on defendant to recommend tiles appropriate for the building's entryway. He alleges that defendant recommended tiles that were unsuitable for use in the entryway, and that Sparta's negligence caused Smith's injuries.

Defendant contends, and the trial court agreed, that Chapman is barred from seeking indemnity because the complaint in the underlying action against Chapman alleged that Chapman himself was negligent. According to defendant, because Chapman settled a negligence action, he cannot seek indemnification on the theory that he was only vicariously liable for Smith's injuries. Instead, he should be bound by the allegations in the underlying complaint.

We disagree. For Chapman to prevail in this action, he must show that defendant was at fault in this accident and Chapman was only vicariously liable for Smith's injuries. The mere allegations of the underlying complaint are not evidence of how the accident happened. Chapman may be able to show that in fact the accident resulted solely from defendant's negligence. See *Central Hudson Gas & Elec. Corp. v. Hatzel & Beuhler, Inc.,* 202 N.Y.S.2d 818, 820-21 (Sup. Ct. 1956), *aff'd,* 205 N.Y.S.2d 864 (App. Div. 1960); see also *Zebrowski & Assocs. v. City of Indianapolis,* 457 N.E.2d 259, 263 (Ind. Ct. App. 1983) (adopting rule in *Central Hudson*).

We therefore reject the trial court's conclusion that the allegations in Smith's lawsuit preclude Chapman's indemnification claim. In this case, Smith's allegations were not adjudicated and do not, in themselves, prove anything about the true cause of the accident. Nor do they prove anything about the basis for the settlement. We see no reason to limit Chapman's recovery based on the way Smith's attorney framed the underlying action. At the time Smith's attorney drafted the complaint, he may have known nothing about the problem with the tiles or how Chapman selected the tiles.

The only authority we find for the opposing position is *Universal Gym Equip., Inc. v. Vic Tanny Int'l, Inc.,* 526 N.W.2d 5 (Mich. Ct.

App. 1994), *aff'd on reh'g*, 531 N.W.2d 719 (1995), which is unpersuasive. There, the court held that a claim of implied indemnification is precluded where the underlying complaint does not contain allegations of derivative or vicarious liability. *Id.* at 8-9. The opinion, however, simply states this rule without analysis or support, and appears to rely on prior cases without following their reasoning.

■ Although the allegations in the underlying complaint do not bar Chapman's indemnity action, he still has significant hurdles to overcome. Our decision in no way eases the requirements for establishing indemnity. To prevail, Chapman must prove first that the circumstances under which he purchased the tiles from defendant are such that he has a right to indemnification. See *Peters v. Mindell*, 159 Vt. 424, 428, 620 A.2d 1268, 1270 (1992) (discussing various circumstances in which obligation of indemnity is imposed based on legal relationship between parties). Second, Chapman must show that he was not at fault for Smith's injuries in the entryway to his building, but was only vicariously liable because he owned the building. See *Howard*, 132 Vt. at 435, 321 A.2d at 75 (Vermont law precludes contribution among joint tortfeasors).

As a factual matter, these two critical questions remain in dispute. Defendant denies that Chapman entrusted him with the selection of appropriate tile. He emphasizes Chapman's testimony in a deposition in the underlying suit, where Chapman stated that he personally selected the tile, based on price and availability, and did not seek advice from anyone. Chapman, however, claims that he did not recall the details of the purchase at the time of that deposition. He points to his interrogatory answers in this suit, where he stated that he fully explained his need for the tile to defendant, and defendant warranted that the tiles were appropriate. With respect to the cause of Smith's injuries, the parties dispute whether Chapman was negligent in his maintenance of the entryway. Because material facts are in dispute, summary judgment is inappropriate, and the matter must be remanded to the trial court for resolution.

*Reversed and remanded.*