The Inn at Willow Pond v. Vermont Carpet, No. 271-8-02 Bncv (Carroll, J., Nov. 22, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**BENNINGTON COUNTY, ss.**

| | | |
|---|---|---|
| **THE INN AT WILLOW POND, and** | ) | |
| **THE REINHOLD CORPORATION,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | | **BENNINGTON SUPERIOR COURT** |
| **v.** | ) | **DOCKET NO. 271-8-02 Bncv** |
| | ) | |
| **VERMONT CARPET**, | ) | |
| **Defendant.** | ) | |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### Introduction

Defendant Vermont Carpet moves for summary judgment on Plaintiffs Willow Pond and Reinhold Corporation's ("Willow Pond") Fourth Count in its complaint for indemnity. Vermont Carpet argues that as a matter of law Willow Pond should be precluded from pursuing restitution from Vermont Carpet on a theory of implied indemnification. Willow Pond seeks indemnification from Defendant Vermont Carpet as a result of Willow Pond's settlement payment to a former patron who was injured while staying at the Inn. For the reasons that follow, Defendant Vermont Carpet's Motion for Summary Judgment as to Count IV is **GRANTED**.[1]

---

[1]Because the Court will grant summary judgment relating to Vermont Carpet's first two arguments against implied indemnification, the Court will not address Vermont Carpet's third

**Standard for Summary Judgment**

Summary Judgment under V.R.C.P. 56 is appropriate when there is "no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56 (c) (3). When reviewing a motion for summary judgment, the court will afford the non-moving party "all reasonable doubts and inferences" based upon the facts presented. Samplid Enterprises, Inc. v. First Vermont Bank, 165 Vt. 22, 25 (1996) [citing Pierce v. Riggs, 149 Vt. 136, 139 (1987)]. In the event that the non-moving party opposes the moving party's motion, "[a]llegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact." Id. [citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)].

**Background**

Plaintiffs Willow Pond and Reinhold Corporation own and operate an inn located in Manchester, Vermont. Willow Pond was sued along with its linen supplier, Vermont Linens, after Al Sterling slipped and fell in one of its bathrooms while exiting the shower. Sterling, the plaintiff in the original lawsuit, testified in his deposition that while exiting the shower he stepped on a bath mat and fell backwards, injuring himself. (Sterling Dep., at 21-23, 28.) Willow Pond and Vermont Linens settled with the plaintiff prior to trial of the case, which is memorialized in a signed release. (See Def.'s Mot. for Summ. J., attached Release.)

Willow Pond's present indemnification claim against Vermont Carpet arose following the settlement between Sterling and Willow Pond. Vermont Carpet moves the Court for summary judgment on Count IV arguing that (1) Willow Pond was independently actively negligent in its

argument that Willow Pond's insurer failed to preserve its claim against Vermont Carpet.

use of a non-adhesive bath mat, and thus a shift of all of Willow Pond's liability to Vermont Carpet is not equitable; (2) Willow Pond acquiesced in any dangerous condition brought about by the use of the tile that Vermont Carpet provided; and 3) Willow Pond's insurer cannot pursue an indemnification claim against Vermont Carpet because it did not preserve its claim against Vermont Carpet in the settlement and release previously entered into.

Willow Pond argues in opposition to Vermont Carpet's motion that whether Willow Pond was independently negligent is an unresolved factual dispute, and thus not subject to summary judgment. Willow Pond also argues that there exists a factual dispute as to whether Willow Pond acquiesced in any dangerous condition created by Vermont Carpet. Willow Pond bases its claim for indemnification on its contention that it relied upon Vermont Carpet's recommendation of the tile used in the motel and thus Vermont Carpet assumed and breached a non-delegable duty owed by Willow Pond to keep its premises reasonably safe. Finally, because the original lawsuit against Willow Pond was settled prior to trial, Willow Pond argues that there was no judicial determination of any negligence on its part and therefore a factual dispute underlies any negligence going forward.

## Discussion

### Implied Indemnification and the Restatement of Restitution § 95

Implied indemnification is an exception to the rule against contribution among tortfeasors. White v. Quechee Lakes Landowners' Ass'n, 170 Vt. 25, 28 (1999). Implied indemnification is a creature of equity and will be imputed "only when . . . the nature of the parties' obligations to one another or the significant difference in the kind or quality of their conduct demonstrate that it is fair to shift the entire loss occasioned by the injury from one party

3

to another." Knisely v. Cent. Vermont Hospital, 171 Vt. 644, 646 (2000) (mem.) (citing

Quechee Lakes, 170 Vt. at 29).  Moreover, the party asserting its right to indemnification bears

the burden in demonstrating that its normal non-delegable duty to keep its premises safe is

overcome by a showing that the indemnitor has assumed the "same duty over which the injured

party is suing," id at 647, and that "'the violation of that duty was clearly the primary fault of the

[indemnitor].'" Id. [quoting Bardwell Motor Inn, Inc. v. Accavallo, 135 Vt. 571, 573 (1977)].

The contractual relationship between Willow Pond and Vermont Carpet would invoke the

Restatement of Restitution, adopted by the Vermont Supreme Court in Bardwell.  The

Restatement provides:

> Where a person has become liable with another for harm caused to a third person
> because of his negligent failure to make safe a dangerous condition of land or
> chattels, which was created by the misconduct of the other or which, as between
> the two, it was the other's duty to make safe, he is entitled to restitution from the
> other for expenditures properly made in the discharge of such liability, unless
> after discovery of the danger, he acquiesced in the continuation of the condition.

Bardwell, 135 Vt. at 573 [quoting Restatement of Restitution § 95 (1937)].

An owner of a premises has a non-delegable duty to keep its premises reasonably safe for

its visitors. Bardwell, 135 Vt. at 573.  In order for Willow Pond to be indemnified by Vermont

Carpet under the Restatement, Willow Pond must be able to show that Mr. Sterling's fall was the

"primary fault" of Vermont Carpet due to its misconduct,  Knisely, 171 Vt. at 647, that Willow

Pond had entrusted its non-delegable duty to keep its premises safe to Vermont Carpet,

Chapman v. Sparta, 167 Vt. 157, 160 (1997), and that it did not acquiesce in any dangerous

condition. Quechee Lakes, 170 Vt. at 31   Under the circumstances of the case, Willow Pond

cannot clear these "significant hurdles," Chapman, 167 Vt. at 161, imposed by the Restatement.

4

**Evidence of Independent Negligence and Assumption of a Non-Delegable Duty**

Willow Pond writes in its Statement of Undisputed Facts that Mr. Sterling "stepped on the tile floor and on a bath mat which had been placed on the floor. Mr. Sterling fell and broke his wrist." (Pl. Willow Pond's Statement of Undisputed Facts, at ¶ 13.) Additionally, as both Willow Pond and Vermont Carpet cite as evidence an expert report prepared for the underlying litigation, (See Pl. Willow Pond's Statement of Undisputed Facts, at ¶ 12; Def.'s Separate Statement of Undisputed Material Facts in Support of Def.'s Mot. for Summ. J., at Ex. Ernest J. Gailor, PE Nov. 2, 2001 Report), the Court notes that the expert concluded that "[t]he Inn at Willow Pond's failure to provide a slip resistant bath mat on the hazardous floor where Sterling fell impaired his ability to avoid slipping and resulted in dangerous conditions that were causes of his accident." (Def.'s Mot. for Summ. J., Separate Statement of Undisputed Material Facts in Support of Def.'s Mot. for Summ. J., at Ernest J. Gailor, PE Nov. 2, 2001 Report.)

Whether the use of the particular bath mat was negligent or not, it was clearly an aspect of the Inn's normal day to day operations that contributed to Sterling's fall and over which Vermont Carpet had assumed no responsibility. But see, e.g., Bardwell,135 Vt. at 573 (implied indemnity for motel owner from contractor where guest at motel was injured during the course of, and as a result of a contractor's negligent actions in repairing a door). By installing tile in Willow Pond's bathrooms, Vermont Carpet did not assume responsibilities such as providing bath mats or any number of other activities that may affect the conditions of a hotel bathroom. Thus it cannot be said that the condition under which Mr. Sterling fell was the "primary fault," Knisley, 171 Vt. at 647, of Vermont Carpet, because that condition involved more than just bare floor tile.

Willow Pond relies on Chapman v. Sparta, 167 Vt. 157 (1997), arguing that here, as in Chapman, summary judgment is inappropriate because no judicial determination of negligence was made in the underlying settlement. However, summary judgment in Chapman was inappropriate because the parties disputed whether the landlord there had *any* involvement in the selection of tiles, which could lead to a determination that the tile distributor had stepped into the shoes of the landlord with respect to a non-delegable duty. See Chapman, 167 Vt. at 161. Moreover, and more to the point, the would-be indemnitor in Chapman rested its arguments against indemnity on the fact that the plaintiff in the underlying action alleged negligence, and that Chapman should be "bound by the allegations," id. at 160, such that Chapman could not subsequently assert that he was only vicariously liable in an indemnification action. The Supreme Court noted that "mere allegations" are not evidence of how an accident happened. Id.

Here we have more than mere allegations both as to the issue of selection of the tile, and the cause of the accident. The parties' pleadings make abundantly clear that not only did Sterling step on a bath mat while exiting the shower, but that Willow Pond also had some role in selecting the tile. (See Sterling Dep., at 21-23, 28; Bauer Dep., at 21.) Additionally, any technical information about the tile's suitability was available to Willow Pond by virtue of display boards provided to Willow Pond by Vermont Carpet. (See LaRoche Dep., at 35; Bauer Dep., at 23.) The fact that this evidence was not the basis of a judicial determination does not preclude the Court from considering its legal significance; it is evidence beyond mere allegation. See Quechee Lakes, 170 Vt. at 27-28 (court affirmed summary judgment for would-be indemnitor prior to judicial determination of parties' claims); see also id. at 34 (affirming summary judgment against third-party plaintiff and distinguishing Chapman, noting that the

6

lower court in <u>Quechee Lakes</u> relied upon "all of the evidence presented" and not solely

allegations in the complaint).

## Acquiescence

Even were the Court to agree with Willow Pond that the facts are in dispute as to whether

Willow Pond had actual knowledge of any danger posed by the tiles, this would not preclude a

grant of summary judgment on the issue of indemnification. See <u>Knisley</u>, 171 Vt. at 647 n.2

(indicating that a determination by the trial court that a third-party plaintiff acquiesced in a

dangerous condition was not necessary to support a denial of implied indemnity). Moreover, as

it is the would-be indemnitee's burden to show that it did not acquiesce in any dangerous

condition, <u>Quechee Lakes</u>, 170 Vt. at 31, the available evidence demonstrating that Willow

Pond possessed relevant information concerning the appropriate usage for the tile belies its

argument that it did not knowingly acquiesce in any condition created by the tiles.

## Conclusion

The circumstances of this case cannot lead the Court to conclude that it would be

equitable to allow Vermont Carpet to shoulder the entire burden brought about by Mr. Sterling's

fall. The disputed issues that Willow Pond highlights are disputes about the significance of the

lack of a judicial determination that Willow Pond was actively negligent and acquiesced in a

dangerous condition. These are not factual disputes so much as disputes regarding the legal

significance and status of those facts, and thus are not material to the issue of implied

indemnification. However, for purposes of the Court's equitable powers here, there is no dispute

as to whether there is some evidence of both contribution by Willow Pond to the condition that

caused Sterling's fall, and acquiescence in the continued use of the tile. This is enough to deny

7

Willow Pond the equitable remedy embodied in the Restatement of Restitution and reflected in Vermont indemnification jurisprudence.

## **<u>ORDER</u>**

For the foregoing reasons, Defendant Vermont Carpet's Motion for Summary Judgement is **GRANTED** as to **Count IV** of Plaintiff Willow Pond's complaint.

Dated:

_____
Karen R. Carroll
Presiding Judge