# STATE OF VERMONT
## ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| **Verizon Wireless Barton Act 250 Permit** | } | |
| **Telecommunications Facility** | } | **Docket No. 6-1-09 Vtec** |
| **(Appeal of Auger)** | } | |
| | } | |

## Decision on Multiple Motions

Michael Auger and his mother, Jeannette, ("Appellants") have appealed a decision of the District 7 Environmental Commission ("District Commission"), which granted Vermont RSA Ltd. Partnership and Cellco Partnership, d/b/a Verizon Wireless, (collectively "Verizon" or "Applicants") an Act 250 land use permit to erect a wireless communications tower and related infrastructure in Barton, Vermont. The permit authorized construction of a 107-foot monopole tower disguised as a pine tree, as well as an equipment building and related improvements, on land owned by David and Lucy Marvin at 497 Ingersoll Lane in Barton.

Appellants, who jointly own and operate a business known as the Sugarmill Farm on property adjacent to the project site, insist that the proposed tower and building will adversely affect their property and business. Specifically, Appellants contend that the project will have an undue adverse impact on interests protected by Act 250 criterion 1 (air pollution), criterion 8 (aesthetics), and criterion 10 (local or regional plan). See 10 V.S.A. § 6086(a)(1), (8), and (10).

Verizon has filed a motion for partial summary judgment, maintaining that neither Michael nor Jeanette Auger have standing to prosecute an appeal of Act 250 criteria 1 or 10.[1] Verizon contends that it is therefore entitled to judgment as a matter of law on Questions 1 and 3 of Appellants' Statement of Questions. Verizon further asks that Ms. Auger be summarily dismissed as an appellant from Question 2, contending that she also lacks standing to appeal under Act 250 criterion 8.

---

[1] We note here that, although the parties' filings regard the pending motion as a challenge to Appellants' party status, it is more appropriate to regard Verizon's motion as a challenge to Appellants' standing. As the former Environmental Board noted, "party status" is a designation used when new parties seek to join an action initiated by another, but "standing" is the proper analysis when parties wish to appeal, or their right to do so is being challenged. In re Putney Paper Company, Inc., Declaratory Ruling Request #335, Findings of Fact, Conclusions of Law, and Order at 5–6 (Vt. Envtl. Bd., May 29, 1997), cited in In re Marcelino Waste Facility, No. 44-2-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. Nov. 6, 2007) (Durkin, J.). As discussed more fully below, party status is but one component to standing when appealing Act 250 decisions to the Environmental Court. See 10 V.S.A. § 8504(d)(1).

In response, Appellants have filed a memorandum in opposition as well as a Motion to Amend their Statement of Questions. Verizon opposes the pending Motion to Amend.

Verizon is represented by Brian Sullivan, Esq. and Pamela Moreau, Esq.; Appellants are represented by Vincent Illuzzi, Esq. Both the Natural Resource Board and the Agency of Natural Resources have declined to participate in the appeal, but each has informational status through Judith L. Dillon, Esq., and John H. Hasen, Esq., respectively.

**Factual Background**

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1.      On February 25, 2008, Verizon applied for an Act 250 permit from the District Commission, seeking approval to erect a wireless telecommunications tower and related improvements in Barton, Vermont. The proposal involved constructing a monopole tower, an equipment shelter, and other infrastructure on land owned by David and Lucy Marvin at 497 Ingersoll Lane.

2.      The 107-foot, free-standing tower would be disguised as a pine tree and situated in a field along the edge of a wooded lot. Twelve panel antennae would be located nine feet from the peak of the tower, painted green, and concealed by artificial tree branches. The monopole would be painted brown to resemble a tree trunk.

3.      Appellants, Michael Auger and his mother, Jeannette, jointly own property abutting the project site, where they operate a business known as the Sugarmill Farm. The Sugarmill Farm is an established dairy farm that caters to the general public by selling produce and other local products in addition to offering visitor information and areas for picnicking and hiking. Verizon's proposed monopole tower would not be visible from the farmhouse, but it would be visible from the picnicking and hiking areas on the property.

4.      The District Commission first classified Verizon's application as a "minor application," pursuant to Act 250 Rule 51(A), after determining that there was a demonstrable likelihood that the project would not present a significant adverse impact under the applicable Act 250 criteria.[2]

---

[2] Under Rule 51, a "minor application" may be granted a permit without a hearing or the issuance of findings of fact and conclusions of law. Act 250 Rule 51(A), (B)(3)(b). The District Commission need only convene a hearing if, after publication of a proposed permit, a person eligible for party status raises substantive issues on an Act 250 criterion in his or her request for a hearing. Id. Rule 51(B)–(D).

Soon after it published notice of the proposed permit, the District Commission received two requests from area property owners.

5.    The first request was received on May 14, 2008, from Vincent Illuzzi, who was acting in his individual capacity as a resident in the same county as the project site and owner of a commercial property developed with a communications tower in the vicinity of Barton Mountain.[3]   Mr. Illuzzi requested the opportunity to present evidence as to why Verizon's proposal should not be considered a minor application.  He also requested party status generally, but did not request party status under any specific criteria.

6.    On May 16, 2008, Appellants jointly notified the District Commission that they supported Mr. Illuzzi's request for a hearing.  In their May 16 letter, however, Appellants also failed to explicitly request party status for any of the Act 250 criteria.  It appears that other letters were later sent to the District Commission, but the Court has not been provided with copies of these correspondences.

7.    After receiving these requests, the District Commission concluded that a hearing on Verizon's proposal was necessary; it held a site visit and hearing on August 19, 2008.

8.    At the commencement of the hearing, the District Commission made preliminary party status determinations for those in attendance seeking party status.  It granted Mr. Illuzzi preliminary party status for criterion 10 (conformance with local and regional plan), and granted Michael Auger preliminary party status for criteria 1 (air pollution) and 8 (aesthetics).  Jeannette Auger was not considered for preliminary party status for any of the Act 250 criteria, presumably because she was not in attendance and because she never expressly requested party status.

9.    Prior to entering deliberations, the District Commission reexamined their preliminary party-status designations.  Ultimately, the District Commission denied final party status to Mr. Illuzzi, stating that he had failed to demonstrate a particularized interest protected by criterion 10.  Instead, Mr. Illuzzi was allowed to participate as a Friend of the Commission and allowed to present facts and legal arguments concerning criterion 10 (conformance with the local and regional plan).

10.    With regard to Michael Auger, the District Commission denied him final party status for criterion 1 (air pollution), but granted him final party status for criterion 8 (aesthetics).  He had

---

[3]  Although Mr. Illuzzi now represents Appellants in this appeal, he originally participated in the proceedings below in his own capacity, not in his capacity as Appellants' attorney.  He is not an appellant in this appeal.

not provided evidence of a particularized interest with respect to air pollution but had provided evidence that an aesthetic interest of his may be impacted—Verizon's proposed tower would be visible from the Sugarmill Farm property. Mr. Auger never requested and was never considered for party status under criterion 10.

11. Furthermore, the District Commission did not consider Jeannette Auger for final party status with respect to any Act 250 criteria. In fact, the District Commission Decision makes no mention of Ms. Auger beyond reference to the May 16 letter—which does not request party status. It is clear that Ms. Auger never secured party status in the proceedings below for any of the relevant criteria (criteria 1, 8, or 10).

12. Michael Auger insists in his affidavit that he participated in the proceedings on behalf of his mother, Jeannette, when he explained to the District Commission that the monopole tower would be visible from the Augers' property. He asserts that he represented their joint interest in the Sugarmill Farm, a joint venture with his mother. Nevertheless, the District Commission did not grant Jeannette Auger party status in the decision.

13. After making these final party-status determinations, the District Commission considered the merits of Verizon's Act 250 permit application, ultimately determining that the proposal would not have an undue adverse impact on any of the relevant Act 250 criteria. In light of all the evidence presented, the District Commission concluded that the tower would not have an undue adverse impact on the aesthetics of the area (criterion 8) and that the project complied with the local and regional plans (criterion 10). On December 23, 2008, it issued Verizon Land Use Permit #7R1276,[4] authorizing the construction of the proposed monopole tower and related improvements.

14. Appellants filed a timely appeal with this Court on January 9, 2009, asking three questions in their Statement of Questions:

> (1) Will the project have a direct impact on the Auger property, or their property interests, therefore providing the Augers with party status under Criterion 1?
>
> (2) Will this project have an adverse impact on the aesthetics, scenic beauty, historic site, or natural areas of the Augers' property?
>
> (3) Is this project in conformance with the local plan including the Barton Zoning Ordinance?

---

[4] The Commission also issued Findings of Fact and Conclusions of Law on December 23, 2008.

4

## Discussion

### I. Motion for Summary Judgment

In its pending motion, Verizon seeks summary judgment in its favor on Questions 1 and 3 of Appellants' Statement of Questions. Verizon contends in support that neither Appellant obtained party status for criterion 1 or criterion 10 in the District Commission proceeding below, which is a prerequisite to standing in Act 250 appeals. Verizon also maintains that Jeanette Auger should be summarily dismissed as an appellant because she did not obtain party status for criterion 8, and therefore, she too lacks standing to appeal under that criterion.

Appellants respond in opposition to each of Verizon's claims. To further clarify the arguments they raise in opposition, Appellants have also filed a Motion to Amend their Statement of Questions. Because issues of party status and standing raise questions regarding the Court's subject matter jurisdiction to hear an appeal, we first address Verizon's Motion for Summary Judgment.

Summary judgment may only be granted when "the pleadings, depositions, [and] answers to interrogatories, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). The Court "place[s] the burden of proof on the moving party, and give[s] the opposing party the benefit of all reasonable doubts and inferences." Chapman v. Sparta, 167 Vt. 157, 159 (1997). We address the challenges to Appellants' standing in this light.

In Act 250 appeals to this Court, "persons aggrieved by an act or decision" of the district commission have standing to appeal.[5] 10 V.S.A. § 8504(a). However:

> No aggrieved person may appeal an act or decision that was made by a district commission unless the person was granted party status by the district commission pursuant to subdivision 6085(c)(1)(E) of this title,[6] participated in the proceedings before the district commission, and retained party status at the end of the district commission proceedings. In addition, the person may only appeal those issues under the criteria with respect to which the person was granted party status.

---

[5] A person aggrieved in an Act 250 proceeding is a "person who alleges an injury to a particularized interest protected by" any of the ten Act 250 criteria listed in 10 V.S.A. § 6086(a), attributable to the district commission, that can be redressed by this Court. 10 V.S.A. § 8502(7).

[6] This provision explains that "the following persons shall be entitled to party status: . . . . Any adjoining property owner or other person who has a particularized interest protected by this chapter that may be affected by an act or decision by a district commission." 10 V.S.A. § 6085(c)(1)(E).

10 V.S.A. § 8504(d)(1). Accordingly, just as in appeals of municipal decisions, participation and party status are prerequisites for standing to appeal Act 250 decisions. Cf. In re Carroll, 2007 VT 19, ¶ 14, 181 Vt. 383 (identifying the standing requirements for appeals of municipal decisions). Furthermore, it is clear that an appellant cannot prosecute an appeal of Act 250 criteria for which he or she did not obtain party status below, unless that party secures status to do so on appeal. See, e.g., In re Rinker's, Inc. d/b/a Rinker's Commc'ns, No. 302-12-08 Vtec, slip op. at 2 (Sept. 17, 2009) (Wright, J.) (citations omitted).

With these statutory standing restrictions as our guide, we examine whether Appellants have fulfilled the prerequisites to appeal each criterion raised in this appeal.

## A. Criterion 1 (air pollution)

Verizon first seeks summary judgment on Question 1 because the undisputed facts indicate that neither Appellant retained party status for criterion 1 at the end of the District Commission proceedings.[7] Verizon asserts that Appellants have therefore failed to fulfill the standing requirements of § 8504(d)(1).

It is not disputed that Michael Auger was ultimately denied party status for criterion 1 before the conclusion of the District Commission proceedings. The Commission ruled that he failed to provide sufficient evidence that Verizon's proposed project may have a direct impact on a particularized interest protected by criterion 1. Appellants also concede that Jeannette Auger failed to secure final party status for criterion 1 by the end of the proceedings below. The only reference to Jeannette Auger in the District Commission decision is a brief reference to the May 16 letter. Thus, according to the undisputed facts, Appellants have failed to establish standing to appeal criterion 1 pursuant to § 8504(d)(1).

---

[7] Verizon also provides alternative grounds for dismissing Jeannette Auger, maintaining that her lack of participation before the District Commission disqualifies her as an appellant. Although participation is not defined in the provisions of Title 10 involving appeals from Act 250 decisions, we find guidance as to the meaning of participation by looking to Title 24, which concerns appeals from municipal land use proceedings. Title 24 indicates that "[p]articipation . . . shall consist of offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a). An individual can therefore "participate" by submitting written documentation that expresses concern about the proposed project.

According to the undisputed facts, Ms. Auger submitted to the District Commission two such letters. A letter signed by both Mr. Auger & Ms. Auger, insisting that Verizon's tower proposal did not qualify as a minor Act 250 permit application, was submitted to the District Commission on May 16, 2008. A second letter signed by both Appellants was submitted on June 22, 2009, explaining that the proposed tower would be visible from their property. We regard these written expressions of concern as sufficient to fulfill the participation requirement and conclude that Jeannette Auger participated in the proceedings below.

6

Appellants respond that they are not foreclosed from appealing to this Court simply for a lack of party status, correctly noting that certain appeals can proceed notwithstanding nonconformance with § 8504(d)(1). Under 10 V.S.A. § 8504(d)(2), a person aggrieved is entitled to appeal in three situations:

if the environmental judge determines that:

(A) there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding;

(B) the decision being appealed is the grant or denial of interested person status; or

(C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed.

10 V.S.A. § 8504(d)(2). Appellants claim that they qualify to appeal under subsection (d)(2)(B), insisting that this Court should independently review party status in this <u>de novo</u> proceeding. They contend that Question 1 of their Statement of Questions expressly raises the question of their party status to prosecute an appeal of criterion 1.

Although not artfully drafted, we agree that Question 1 raises the issue of Appellants' party status for criterion 1. However, this imprecise declaration for party status is insufficient to trigger jurisdiction and <u>de novo</u> review of party status. Vermont Rule of Environmental Court Procedure 5(d)(2) requires an appellant to file a motion and put the parties and the Court on clear notice of the exceptional circumstances that warrant an appeal under § 8504(d)(2). Appellants "must assert their claim of party status by motion filed with the notice of appeal." V.R.E.C.P. 5(d)(2). As we have previously explained, this mandatory directive requires strict compliance. <u>In re Verizon Wireless Barton Permit</u>, No. 133-6-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.). Failing to file a motion for party status in an appeal pursuant to § 8504(d)(2)(B) is cause for dismissal. See, e.g., <u>id</u>.

Appellants have neglected their responsibility to file a motion for party status for criterion 1 pursuant to V.R.E.C.P. 5(d)(2); they have therefore failed to preserve their right to appeal pursuant to § 8504(d)(2). For that reason, we conclude that Appellants are foreclosed from appealing criterion 1 and therefore **GRANT** Verizon summary judgment with regard to Question 1 in the Statement of Questions.

## B. Criterion 10 (conformance with local and regional plan)

Verizon has also moved for summary judgment on Question 3, maintaining that Appellants lack standing to prosecute an appeal of criterion 10 for the same reason that they were disqualified from criterion 1: neither Appellant fulfilled the party-status requirement of § 8504(d)(1), and appeal pursuant to § 8504(d)(2) is unavailable without a motion for party status accompanying their Notice of Appeal, as directed by V.R.E.C.P. 5(d)(2).

Appellants concede that they failed to obtain party status for criterion 10 and have not filed the required motion. They claim instead that adjoining property owners are excepted from the prerequisites in § 8504(d)(1), suggesting that they have standing to appeal whether or not they obtained party status for criterion 10. According to Appellants, adjoining landowners are entitled to appeal all of the Act 250 criteria examined by the District Commission below (including criterion 10 in this instance because Mr. Illuzzi presented evidence on the project's conformance with the local and regional plan). The applicable law and procedural rules direct otherwise.

This argument lacks merit because it overlooks the clear standing requirements contained in § 8504(d)(1), which says that "[n]o aggrieved person may appeal" unless the person secures party status in the proceedings below. 10 V.S.A. § 8504(d)(1). More importantly, it disregards the express limitation that "the person may only appeal those issues under the criteria with respect to which the person was granted party status." Id. According to the plain language of the statute, party status for criterion 10 is a prerequisite to appeal criterion 10. The exceptions to this general rule, contained in 10 V.S.A. § 8504(d)(2)(A), (B), and (C), are not applicable here.

It is undisputed that Appellants neither sought nor obtained party status below with regard to criterion 10. They are therefore foreclosed from appealing pursuant to § 8504(d)(1). Appellants are similarly unable to avail themselves of § 8504(d)(2). Not only have they failed to demonstrate the existence of one of the three circumstances outlined in subsection (d)(2)(A)–(C), but they have not filed a motion for party status as required by V.R.E.C.P. 5(d)(2). For these reasons, we must **GRANT** Verizon's request for summary judgment on Question 3.

## C. Criterion 8 (aesthetics)

Verizon finally seeks the dismissal of Jeannette Auger as an Appellant, contending that she lacks standing to appeal under criterion 8. Verizon contends that Ms. Auger did not retain party status for criterion 8 at the conclusion of the District Commission proceedings and thus

failed to satisfy 10 V.S.A. § 8504(d)(1). Appellants respond by maintaining that Michael Auger acted on behalf of Jeannette at the proceedings below,[8] representing their joint interests in the Sugarmill Farm. Essentially, Appellants' argument is that Michael Auger's standing to appeal criterion 8 should be imputed on his mother because they are engaged in a joint venture on property adjacent to the project site.

We first note that Verizon has not challenged Michael Auger's right to appeal criterion 8. It is not disputed that Mr. Auger participated before the District Commission and retained final party status for criterion 8 at the conclusion of the proceedings. He has standing pursuant to § 8504(d)(1). There is also no doubt that Jeannette Auger did not attend the proceedings below and did not secure party status for criterion 8, thereby failing to satisfy § 8504(d)(1). It finally appears undisputed that Michael and Jeannette Auger, mother and son, are engaged in a joint venture on property adjoining the project site. Therefore, the only issue is whether Michael Auger's party status and standing to appeal criterion 8 can be imputed upon his mother by virtue of their involvement in a joint business venture on property abutting the project site. For the following reasons, we answer this question in the negative.

Conferring the right to appeal upon Jeannette Auger by virtue of her relationship with Michael would ignore the statutory standing limitations described in 10 V.S.A. § 8504(d)(1). As we repeatedly explained above, a person must secure party status and participate in the proceedings below before they are entitled to appeal. 10 V.S.A. § 8504(d)(1). We must "strictly adhere" to these statutory standing requirements. Cf. In re Albert, 2008 VT 30, ¶ 8, 183 Vt. 637 (examining statutory standing requirements in appeals of municipal zoning decisions). We have no authority to allow a person to appeal without fulfilling these prerequisites; to conclude otherwise would contradict the plain language of the statute and encourage a flood of unauthorized appellants.

Appellants respond by noting that a "joint venture" qualifies as a "person" in the statute governing appeals to this Court. See 10 V.S.A. § 8502(6) (defining "person" to include joint ventures and other commercial entities). Because Michael Auger referenced the Sugarmill Farm during the proceedings below, and because Jeannette Auger is a business partner in this joint venture, Appellants contend that Ms. Auger is entitled to appeal. In making this argument,

---

[8] While Mr. Auger asserts that his representations before the District Commission were made on behalf of his mother as well, we find no reference or evidence of this in the record presented to the Court.

Appellants appear to be suggesting that the person prosecuting this appeal is the Sugarmill Farm. However, the record does not support such a conclusion.

Although it appears that the District Commission granted Michael Auger final party status for criterion 8 because of his ownership interest in the Auger family farm, the District Commission conferred party status to Michael Auger, not the Sugarmill Farm. In fact, the District Commission Decision does not reference the Sugarmill Farm by name. Nothing in the record suggests that the Sugarmill Farm participated in the proceedings below and obtained party status for criterion 8. The only indication is a brief reference to Michael Auger's ownership interest in the Auger family farm.

In addition, Sugarmill Farm is not identified as an appellant in the Notice of Appeal and it has not filed a motion for party status. Even though a joint venture constitutes a person that may be entitled to appeal, there is simply no evidence in the record that Sugarmill Farm has either secured the right or attempted to appeal in this matter. Jeannette Auger cannot therefore rely on her ownership interest in the Sugarmill Farm to establish a right to appeal.

We acknowledge that our decision here excludes as an appellant an abutting property owner with legitimate concerns about the project, but we are not concerned that our decision does any injustice to Jeannette Auger. We are confident that Ms. Auger's interests will be adequately represented in this appeal because her son and business partner remains. Michael Auger has consistently maintained that he and his mother share a common interest in this appeal: avoiding the potential adverse aesthetic impact Verizon's proposed monopole tower will have on the Sugarmill Farm. He has also previously demonstrated a willingness to protect those interests. Accordingly, we **GRANT** Verizon's request to summarily dismiss Jeannette Auger as an appellant in Question 2.[9]

For the reasons explained above, we **GRANT** Verizon summary judgment on Questions 1 and 3 in the Statement of Questions, and **GRANT** Verizon's request to dismiss Jeannette Auger as an Appellant in Question 2. This now brings us to Appellants' Motion to Amend.

## II. Motion to Amend the Statement of Questions

It appears that Appellants moved to amend their Statement of Questions in large part to clarify the arguments made in opposition to Verizon's pending Motion for Summary Judgment.

---

[9] The legal question of whether Jeannette Auger may participate as an interested person has not been presented to us, and we therefore do not offer an analysis on that topic.

Specifically, Appellants have rephrased and divided the questions to remove any doubt that Appellants are in fact appealing their party-status determination under criterion 1. The amended questions also spell out Appellants' argument that they have a right to appeal criterion 10 because adjoining property owners are entitled to appeal any Act 250 criterion examined below, notwithstanding a lack of party status for that criterion. Finally, the reorganized questions illuminate the argument that Jeannette Auger should be granted standing as an appellant in this appeal by virtue of her joint venture in the Sugarmill Farm with her son, Michael.

Generally speaking, motions to amend a Statement of Questions should "be liberally granted, . . . when they do not prejudice the other parties." In re Fairfax, No. 45-3-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.). Such a motion is typically granted when it "is neither frivolous nor made as a dilatory maneuver or in bad faith." In re Guardianship of L.B., 147 Vt. 82, 84 (1984). The Court does not see how granting Appellants' motion would prejudice Verizon, and there is no evidence of any bad faith or delay on Appellants' part. However, we believe that granting a motion to amend should further the purpose of the Statement of Questions, which is to give notice to the other parties and the Court regarding the issues to be decided on appeal. Fairfax, No. 45-3-03 Vtec, slip op at 4. We fail to see how granting Appellants' Motion to Amend serves that function, especially in light of our decision above.

In our decision today, we recognized and responded to the arguments made in opposition to Verizon's Motion for Summary Judgment and reinforced in the Motion to Amend. For example, we agreed that Appellants had raised an issue of party status for criterion 1 in their original Statement of Questions, but dismissed their appeal for not filing a motion under V.R.E.C.P 5(d)(2); we examined whether adjoining property owners could appeal Act 250 criteria for which they were not granted party status below and concluded that, under 10 V.S.A. § 8504(d)(1), appellants may not appeal Act 250 criteria for which they did not secure party status; and we considered and rejected the argument that Michael Auger's standing should be imputed upon his mother, Jeannette, by virtue of their joint business venture on property adjacent to the project site. Because the issues raised in Appellants' Motion to Amend were fully discussed today in our decision on summary judgment, the need to clarify the Statement of Questions has dissipated. For these reasons, we **DENY** Appellants' Motion to Amend the Statement of Questions.

11

## Conclusion

For all the reasons more fully discussed above, we conclude that neither Appellant has fulfilled the statutory standing requirements necessary to prosecute this appeal of Act 250 criterion 1 or criterion 10. We therefore **GRANT** Verizon summary judgment on Questions 1 and 3 in Appellants' Statement of Questions. We also conclude that Jeannette Auger has failed to establish standing as an appellant under criterion 8. We therefore **GRANT** Verizon's motion to dismiss Ms. Auger as an appellant in Question 2 of the Statement of Questions. Her son and co-owner of the Sugarmill Farm property retains standing to prosecute this appeal under Act 250 criterion 8.

Finally, we **DENY** Appellants' Motion to Amend the Statement of Questions because the issues raised in their motion were fully addressed by our decision today. Accordingly, the sole remaining question in this appeal is: "Will this project have an adverse impact on the aesthetics, scenic beauty, historic site or natural areas of the Augers' property?"

This matter will next be scheduled for a conference with the Case Manager during which the parties should be prepared to discuss the scheduling of discovery, mediation, and other items necessary to prepare this matter for trial.

Done at Berlin, Vermont, this 2nd day of February 2010.

_____
Thomas S. Durkin, Environmental Judge

12